















JPP    11/3/03    10:22

3:03-CV-02145   ROJO V. ASHCROFT

*2*

*P/A.*

1  JOAQUIN CASTILLO ROJO
   A # 41-286-030, L-26
2  1115 N. IMPERIAL AVE.
   EL CENTRO CALIFORNIA 92243

3  *Pro se.*

4

5  .

6

7

8

9              # UNITED STATES DISTRICT COURT

10             # SOUTHERN DISTRICT OF CALIFORNIA

11

12 JOAQUIN CASTILLO ROJO
              Petitioner / Appellant,        Case No: 03 CV 2145   JM ( LSP )
13
       Vs.
14
   JOHN ASHCROFT, U.S. Attorney General,
15
   TOM RIDGE, Department of Home Land Security,
16
   DISTRICT DIRECTOR, DHS, BICE;                INS No: 41-286-030
17
   CARYL THOMPSON, O.I.C., B.I.C.E., Detention
18 Facility, El Centro, California, et.al.

19            Respondents  / Appelle.

20                                            Date: October 28, 2003.

21

22

23

24         **MEMORANDUM OF POINTS AND AUTHORITIES**

25

                              2

   JOAQUIN CASTILLO ROJO        Memo Of Points & Authorities        1

1    Petitioner JOAQUIN C. ROJO is currently detained by the

2  Department of Homeland Security (DHS); Bureau of Immigration and

3  Custom Enforcement (BICE), at Service Processing Center 1115 N.

4  Imperial Ave, El Centro, California 92243.

5    Petitioner moves to the honorable court to intervene in

6  Petitioner's naturalization process and conduct a de novo hearing on

7  the application and or make arrangements so that DHS (BICE) could

8  determine his Citizenship claim. In an alternative Petitioner' also

9  contends that he is a National of the United States, and that

10 Department of Home Land Security has no authority to detain and

11 remove him from the country.

12

13 **I.**

**STATEMENTS OF THE CASE AND FACTS**

14

15    Petitioner is a 35-year-old male who was admitted at Los

16 Angeles, California, as a legal permanent resident of United States

17 on 07-14-1990.  Petitioner wife is a United States Citizen and he has

18 two sons; Karl Stephen B. Rojo, a legal permanent resident and Kevin

19 Beau B. Rojo, United States Citizen, from his marriage. Petitioner

20 subsequently applied for United States Citizenship and an interview

21 was held on January 29, 2001. He met all the requirements necessary

22 for initial interview. January 29, 2001, the interview officer

23 determined that Petitioner "Established; good moral character,

24 Physical presence/residence, attachment to Constitution and English

25 Proficiency". Same day, **Petitioner also signed an "Oath of**

1   **allegiance" to United States of America.** (See the attached Exhibit).

2   Unfortunately, he failed to demonstrate knowledge of the history, and

3   of the principles and forms of government, of the United States and

4   he was rescheduled for May 22, 2001 for the said exam.

5

6       May 22, 2001, Petitioner younger son, Kevin fell sick and due to

7   his condition, Petitioner was forced to stay home. Petitioner wife

8   was the only person working in the family and would have lost her

9   job, if she had not showed up at work. (See the attached Exhibit-

10  declaration of Petitioner's wife testifying the facts and

11  circumstances). Based on Petitioner's non-appearance on May 22, 2001,

12  he was informed on October 23, 2001, that his application for

13  citizenship has been denied.

14      April 30, 2002, Petitioner was convicted in Superior Court of

15  California County of Los Angeles for the offense of Forgery, in

16  violation of section 470(D) of the California Penal Code. Based on

17  Petitioner's criminal conviction he was placed in removal proceedings

18  and he was charged with §237(a)(2)(A)(iii) of the Immigration and

19  Nationality Act, as amended in that anytime after admission that

20  Petitioner has been convicted of an aggravated felony as defined in

21  §101(a)(43)(R) of the Act, an offense relating to Commercial Bribery,

22  Counterfeiting, Forgery, or Trafficking in Vehicles the

23  Identifications Numbers of which have been altered, for which the

24  term of imprisonment ordered is at least 1 year.

25

April 30, 2003, Petitioner appeared before Honorable Immigration Judge Dennis James for final hearing and at the conclusion of hearing the court ordered Respondent removed to Philippines. Petitioner appealed the decision to BIA and BIA upheld the decision of the IJ for the reasons stated therein. Petitioner timely Petitioned in the Ninth Circuit Court of Appeals challenging BIA determinations and presently his case is pending in the Ninth Circuit.

## II.

## VENUE

Venue is proper and lies with the Southern District of California. Venue considerations include 1) the location where the material events took place, 2) where records and witnesses pertinent to the claim are likely to be found, 3) the convenience of the forum for the respondent and petitioner, and 4) the familiarity of the court with the applicable laws. See Henderson, 157 F.3d at 128, n.25; Alcaide-Zelaya, 2000 U.S. Dist. LEXIS 15714, 2000 WL 1616981, at *5; Arias-Agramonte, 2000 U.S. Dist. LEXIS 10724, 2000 WL 1059678, at *9; Mojica, 970 F. Supp. at 165.

In the instant case, these venue considerations favor a finding of proper venue in the Southern District, California. Petitioner is presently in custody of DHS, Bureau of Immigration and Customs Enforcement center, located at 1115 N. Imperial Ave, El Centro, California 92243, which lies within the jurisdiction of the Southern District.

# III.

# JURISDICTION

# ARGUMENTS

## A.   PETITIONER HAS MET ALL THE REQUIREMENTS FOR NATURALIZATION

Petitioner contends that he has met the statutory requirements to acquire Naturalization of United States. The main requirements for Naturalization include 1) the applicant is at least 18; 2) lawfully admitted as a permanent resident; 3) resided continuously within the U.S. for 5 years; 4) been physically present in the U.S. for at least 30 months of the five years; 5) resided at least three months in a State or Service district having jurisdiction over the applicant's place of residence; 6) resided continuously within the U.S. from the date of application to admission to citizenship; 7) been a person of good moral character, and; 8) is not a deserter.

It is undisputed that Petitioner meets these additional requirements for citizenship.

## B.   NATURALIZATION PROCESS:

The administrative naturalization process is generally divided into five stages. First, the applicant must submit complete application materials to the INS. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 316.2, 316.4, 334.1, 334.2 (2000). The next stage consists of an investigation into the applicant's background. 8 U.S.C. § 1446(a); 8 C.F.R. §§ 335.1, 335.2 (2000). The applicant next undergoes testing

1   with respect to statutory requirements of English proficiency and

2   knowledge of the history and government of the United States. 8

3   U.S.C. § 1423(a); 8 C.F.R. Pt. 312 (2000). Next, the applicant is

4   examined under oath by an INS naturalization officer who will, except

5   in limited cases, either grant or deny the application within 120

6   days of the interview. 8 C.F.R. §§ 316.14 & 335.2 (2000). If the INS

7   grants the application, the applicant will move to the final stage,

8   which involves an "oath ceremony," at which he/she must reaffirm

9   his/her prior answers and swear allegiance to the United States. 8

10  U.S.C. § 1448; 8 C.F.R. § 310.3 & Part 337 (2000). Citing Katerina

11  Langer v. INS, 2002 U.S. Dist. Lexis 23847 (2002)

12

13      Judicial review in immigration matters is narrowly

14  circumscribed. INS v. Aguirre-Aguirre, 526 U.S. 415, 425, 143 L. Ed.

15  2d 590, 119 S. Ct. 1439 (1999) ]]("we have recognized that judicial

16  deference to the Executive Branch is especially appropriate in the

17  immigration context"); INS v. Miranda, 459 U.S. 14, 19, 74 L. Ed. 2d

18  12, 103 S. Ct. 281 (1982) ("Appropriate deference must be accorded

19  [the INS's] decisions."); Zhang v. Slattery, 55 F.3d 732, 748 (2d

20  Cir. 1995) ("it is not the role of the federal courts to administer

21  the executive branch" in immigration matters).

22      The immigration statutes create two specific points at which a

23  district court may intervene in the naturalization process.

24

25      **First;** if the INS fails to render a decision upon an application

    within 120 days of the applicants' naturalization examination, the

1   applicant may apply to the district court for the district where he

2   resides to conduct a de novo hearing on the application, and the

3   court may then either determine the matter for itself or remand to

4   the INS with instructions. 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5

5   (2000).

6

7   **Second**; if the INS denies a naturalization application -- -- the

8   disappointed applicant may seek de novo judicial review of the denial

9   in the United States district court for the district in which he/she

10   resides. INA Section 310(c), 8 U.S.C. § 1421(c).

11

12   C.   **SECTION 8 U.S.C. §1429 DOES NOT OPERATE TO DIVEST DISTRICT**

13        **COURTS OF THE JURISDICATION SECTION 8 U.S.C. §1421 (c) WHICH**

14        **PROVIDES TO REVIEWADMINISTRATIVE DENIALS OF**

15        **NATURALIZATION APPLICATIONS.**

16

17   District courts have the authority to conduct de novo review of

18   denials of applications for naturalization. See 8 U.S.C. § 1421(c).

19   Section 401 of the Act created a process for district court judicial

20   review of denied applications for naturalization. 8 U.S.C. § 1421(c).

21   "Such review shall be de novo, and the court shall make its own

22   findings of fact and conclusions of law and shall, at the request of

23   the petitioner, conduct a hearing de novo on the application." 8

24   U.S.C. § 1421(c). Ngwana v. Attorney General of the United States, 40

25   F. Supp. 2d 319 (D. Md. 1999), also Gatcliffe v. Reno, 39 V.I. 423,

    23 F. Supp. 2d 581, 582-83 (D. V.I. 1998) (holding that section 1429

1  does not divest district court of jurisdiction when deportation

2  proceedings are pending).

3      Petitioner application for naturalization was denied before he

4  has been placed in removal proceedings. District Court has

5  jurisdiction to conduct a de novo review of Petitioner's

6  naturalization application.  Petitioner relies on two district court

7  decisions. The first case, Ngwana v. Attorney General of the United

8  States, 40 F. Supp. 2d 319 (D. Md. 1999). In Ngwana, the INS began

9  removal proceedings after the applicant's naturalization petition was

10  denied. Ngwana, 40 F. Supp. 2d at 320. The United States District

11  Court for the District of Maryland held that section 1429 does not

12  divest the district court of jurisdiction to review the denial of a

13  petition for naturalization where the removal proceeding was

14  commenced after the petition for naturalization had been denied. Id.

15  at 321-22. Since in Petitioner case, the removal proceedings were not

16  pending when his petition for naturalization was denied, his

17  situation is identical to that of Ngwana, and district court has

18  jurisdiction to conduct a hearing de novo on the application.

19

20      In Ngwana, the court also noted that: "If section 1429 divested

21  district courts of jurisdiction to review denials of naturalization

22  applications, INS could effectively circumvent the congressionally

23  mandated de novo judicial review of naturalization decisions simply

24  by initiating removal proceedings pursuant to 8 U.S.C. § 1229."

25  Ngwana, 40 F. Supp. 2d at 321-22.

1    The second case; <u>Gatcliffe v. Reno</u>, 39 V.I. 423, 23 F. Supp. 2d

2   581(D.V.I. 1998), where the court held that {232 F. Supp. 2d 418} the

3   district courts may exercise jurisdiction to review naturalization

4   petitions filed after the institution of removal proceedings.

5   Gatcliffe, 23 F. Supp. 2d at 582-83. The court reasoned that because

6   "section 1421(c) provides for judicial review of an administrative

7   INS decision and does not provide that the court has the power to

8   naturalize an applicant, Gatcliffe's request to hold a hearing in the

9   district court is compatible with section 1429." Id. 23 F. Supp. 2d

10   at 583. The Gatcliffe court appears to base its reasoning on the fact

11   that Gatcliffe was not seeking naturalization by the district court,

12   but rather a de novo review of the naturalization petition. The court

13   further explained that:

14       If this Court finds [Gatcliffe] to be of good moral character,

15       he has established prima facie eligibility for naturalization

16       but for the deportation proceedings and can move to terminate

17       the deportation/removal proceedings. . . . Thus, there is no

18       race to naturalization. Section 1421(c) merely provides for

19       judicial review of an administrative INS decision. The Court

20       also concluded that Section 1429 does not prevent this Court

21       from conducting a de novo review under section 1421(c). See,

22       e.g., <u>Matter of Cruz</u>, 15 I. & N. Dec. 236. The INS improperly

23       relied solely on acts outside the statutory period. See, e.g.,

24       <u>Marcantonio v. Immigration and Naturalization Service</u>, 185 F.2d

25

934; <u>Tan v. United States Department of Justice Immigration and Naturalization Service</u>, 931 F. Supp. 725.

United States District Court for the Eastern District of New York, in <u>Yuen Shing Lee v. Ashcroft</u>, 216 F. Supp. 2d 51 (2002), also held that District Courts has jurisdiction to conduct a de novo review for naturalization applications and ruled, "if section 1429 stripped district courts of the jurisdiction to review naturalization denials given by section 1421(c), INS could effectively circumvent section 1421(c) entirely by moving to remove an alien after rejecting his application for naturalization. Under INS's reading of the statutes, no district court could then review the naturalization decision".

In fact, under case authority, petitioner is required to establish through a court finding his prima facie eligibility for naturalization but for the pendency of removal proceedings. See, e.g., <u>Matter of Cruz</u>, 15 I. & N. Dec. 236 (BIA 1975). De novo review via section 1421(c) is certainly an appropriate method for obtaining such a court decision. Since the review is de novo, the Court makes its own findings. None of this will interfere with, much less usurp, the Attorney General's statutory authority to evaluate and grant plaintiff's application for citizenship.

In the instant case, Petitioner's petition for naturalization has already been considered and rejected administratively before he was placed in removal proceedings. Section 1429's prohibition on the

Attorney General is thus inapplicable. Thus, the Attorney General would not be prohibited from naturalizing Petitioner if this Court conducts a de novo hearing and or remand the matter to DHS, BICE (former INS) with instructions to entertain Petitioner's application for Naturalization.

**D.   INS FAILED TO RENDER A DECISION UPON AN APPLICATION WITHIN 120 DAYS OF THE APPLICANTS' NATURALIZATION EXAMINATION**

Petitioner was scheduled for Re-exam on May 22, 201. He unfortunately could not show up because of unavoidable and unforeseeable circumstances. (See the attached Exhibit-Petitioner's wife declaration stating the circumstances). Latter Petitioner's application was denied on October 23, 2001. Petitioner claims that section 336(b) of the Act (INA), 8 U.S. § 1447 (b) should apply here as INS took longer than 120 days to act. The 120 days were over in September 23, 2001.

Section 336 of the Act (INA) ---

b)--Failure to Make Determination
If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

# IV.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Petitioner is not required to exhaust administrative remedies. This argument too was fully addressed in the court's order granting preliminary injunction, in reliance on Haitian Refugee Center, Inc. v. Nelson, 872 F.2d 1555 (11th Cir. 1989). Haitian Refugee Center, Inc. v. Nelson, supra,...involved a challenge to INS policies and practices in connection with applications for temporary residence. There the INS had argued that the plaintiffs' claims were barred by an exhaustion requirement imposed by statute as well as a judicially-created exhaustion requirement. Rejecting the INS's statutory exhaustion argument, the court held that where the plaintiffs challenged the adequacy of the procedures employed by the INS in processing their applications, the exhaustion requirement had no bearing on the district court's jurisdiction. As for the judicially-created exhaustion requirement, the court reasoned that exhaustion is not required if the administrative remedy would not provide relief commensurate with the claim. Id. at 1560. Where the nature of plaintiffs' constitutional challenge of INS procedures is such that relief at the administrative review level is unlikely and the chances are remote that the INS would respond positively to an individual's constitutional challenges to it's procedures, the exhaustion doctrine is not a bar to the district court's assertion of jurisdiction. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976) and Haitian Refugee Center v. Smith,

676 F.2d at 1034(exhaustion of remedies not required because case involved a constitutional challenge to procedures adopted by the INS for the processing of asylum claims).

{32 F. Supp. 2d 1343} In this case, there is no administrative remedy available to Petitioner (also referred to as an "appeal") of the ultimate denial of citizenship. Moreover, the District Director's letter to petitioner, dated October 23, 2001, mentions "If no request for hearing is filed within the time allowed, this decision is final".

Furthermore, based on Eleventh Circuit precedential authority, as stated above, Petitioner contends that the court should find that the statutory exhaustion requirement is inapplicable in this case. Petitioner contends that court has jurisdiction to review a denial of a petition for naturalization. Such review shall be de novo and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application. The court may either determine the matter or remand it to the Service. See 8 U.S.C. § 1421(c) and 1447(b).

## V.

### COURT SHOULD NOT DISMISS PETITIONER'S REQUEST
### LEGAL STANDARD FOR MOTION TO DISMISS

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is appropriate "only if it is clear THAT NO RELIEF COULD BE GRANTED

1  UNDER ANY SET OF FACTS that could be proved consistent with the

2  allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir.

3  1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed.

4  2d 59, 104 S. Ct. 2229 (1984)). The court must accept all the alleged

5  facts as true and find all inferences from those facts in the light

6  most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S.

7  319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco,

8  Inc., 29 F.3d 1480, 1483 (11th Circ. 1994). The threshold of

9  sufficiency that a complaint must meet to survive a motion to dismiss

10 is exceedingly low. Ancata v. Prison Health Servs., Inc., 769 F.2d

11 700, 703 (11th Cir. 1985); Jackam v. Hosp. Corp. of Am. Mideast, 800

12 F.2d 1577, 1579 (11th Cir. 1983). The complaint should not be

13 dismissed for failure to state a claim upon which relief can be

14 granted "unless it appears beyond doubt that the plaintiff can prove

15 no set of facts in support of his claim which would entitle him to

16 relief." Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir.

17 1994). A pro se complaint is held to standards even less stringent

18 than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

19 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

20     Here, petitioner was unfortunately forced to stay home because

21 his son was sick. He is a loving father and his family has always

22 been his priority like any loving and caring parent. He had no one to

23 stay home but him. His wife was the only person earning bread for the

24 family and would have lost her job if would have stayed home. In

25

these circumstances, in order to appear in exam, the only choice he
had was to leave his son unattended, which no loving parent would do.

In considering whether there exist genuine issues of material
fact, the court does not weigh the evidence but instead inquires
whether a reasonable jury, faced with the evidence presented, could
return a verdict for the nonmoving party. See Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505
(1986); Clifton v. Craig, 924 F.2d 182, 183 (10th Cir.) cert denied,
502 U.S. 827, 112 S. Ct. 97, 116 L. Ed. 2d 68 (1991). Finally, all
material facts asserted by the moving party shall be deemed admitted
unless specifically controverted by the opposing party. D. Utah R.
202(b)(4).

### VI.

### PLAINTIFFS' DUE PROCESS CLAIMS

Petitioner contests that he, as legal permanent resident, have
both substantive and procedural due process rights. The Constitution
protects the rights of aliens to due process and equal protection.
Yick Wo v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220
(1886). Even illegal aliens enjoy the due process protections of the
Fifth Amendment. Mathews v. Diaz, 426 U.S. 67, 77, 96 S. Ct. 1883,
1890, 48 L. Ed. 2d 478 (1976). It is now well established that any
person present in the United States is entitled to equal justice
before the law, including procedural protections in conjunction with
any deprivation of liberty, and freedom from invidious

1  discrimination. See C. Antieau, 1 Modern Constitutional Law §§ 9:25-

2  9:27 (1969 & Supp.1991).

3      Petitioner's' claim for relief alleges that the INS have

4  violated petitioner's Fifth Amendment right to substantive and

5  procedural due process. Regarding substantive due process claim,

6  Petitioner asserts that the INS has consciously maintained a policy

7  and practice of denying requests so arbitrarily and capriciously, so

8  as to violates the substantive due process rights of the petitioner.

9  The procedural due process claim is grounded on that the INS have

10 maintained a practice and policy of denying requests without

11 providing the applicant of any notice of the deficiencies, notice of

12 the standards used or notice of the basis for denial. Petitioner

13 contends that as a result of these due process violations, they have

14 been unlawfully deprived of a United States History portion of the

15 naturalization examination.

16

17                              **VII.**

18  **PETITIONER SHOULD BE REGARDED AS A NATIONAL OF UNITED STATES**

19

20     Petitioner asserts, that he cannot be deported because he is not

    an alien, but a "national of the United States." See 8 U.S.C. §

21
    1101(a)(3) ("The term 'alien' means any person not a citizen or

22
    national of the United States.") The INA defines a national as "(A) a

23
    citizen of the United States, or (B) a person who, though not a

24
    citizen of the United States, owes permanent allegiance to the United

25
    States." 8 U.S.C. § 1101(a)(22). Petitioner argues that as a

"national," not an "alien," he should not be subject to deportation under INA § 237(a)(2)(A)(iii), which mandates the deportation of "any alien who is convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii).

Petitioner **signed an oath of allegiance to United States of America** dated: January 29, 2001 when he renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which he have heretofore been a subject or citizen:---". Moreover, the certificate preparation sheet and Oath Declaration also mentions, "**Country of Former Nationality: Philippines**". (See Exhibit).

Petitioner should be regarded as Naturalized Citizen based on allegiance to United States.  Supreme Court has long held in U.S. v. Ginsberg, 243 U.S. 472, 475, 61 LED. 853, 37 Supreme Ct. 422 (1917) that "Acquisition of Naturalized Citizenship take place only upon recitation of oath of allegiance to U.S.".

Petitioner has met at minimum the requirements to qualify to be a "national" of the United States. He has signed an oath of allegiance to the United States of America. Moreover, Petitioner certificate for allegiance also mentions "Former Country of Nationality-Philippines". At a minimum, it appears that to qualify as a national, an individual must have demonstrated his or her allegiance by applying for citizenship. Hughes v. Ashcroft, 255 F.3d at 756; see also Oliver, 517 F.2d at 428 (finding that the petitioner

1  did not qualify as a national because she continued to owe allegiance

2  to Canada and had not chosen to renounce that allegiance by

3  naturalizing); <u>United States v. Morin</u>, 80 F.3d 124, 126 {216 F. Supp.

4  2d 58} (4th Cir. 1996) (**<u>"An application for citizenship is the most</u>**

5  **<u>compelling evidence of permanent allegiance to the United States</u>**

6  **<u>short of citizenship itself.</u>")**. The Supreme Court has also identified

7  the application for citizenship as a step in the process of acquiring

8  the full rights of citizenship. <u>Johnson v. Eisentrager</u>, 339 U.S. 763,

9  769 - 770, 94 L. Ed. 1255, 70 S. Ct. 936 (1950) ("The alien, to whom

10  the United States has been traditionally hospitable, has been

11  accorded a generous and ascending scale of rights as he increases his

12  identity with our society. Mere lawful presence in the country

13  creates an implied assurance of safe conduct and gives him certain

14  rights; they become more extensive and secure when he makes

15  preliminary declaration of intention to become a citizen, and they

16  expand to those of full citizenship upon naturalization.")  <u>Shittu v.</u>

17  <u>Elwood</u>, 204 F. Supp. 2d 876, 2002 WL 992036, at (E.D. Pa. 2002)

18  ("Long-term residency alone does not suffice to confer the status of

19  'national.' <u>There must be some objective demonstration of permanent</u>

20  <u>allegiance</u>."); <u>Carreon-Hernandez v. Levi</u>, 409 F. Supp. 1208, 1210 (D.

21  Minn.) (finding petitioner deportable where he had lived and worked

22  in the United States for over 20 years and was married to a U.S.

23  citizen and the parent of a U.S. citizen child, <u>but had never gone</u>

24  <u>through the naturalization process</u>), aff'd 543 F.2d 637 (8th Cir.

25  1976).

Petitioner has been a permanent resident for 13 years. He lived in United States all of his adult life, and has never lived anywhere else since. He is married to a United States citizen and has two citizen children. His Mother is here in United States (Petitioner's father is deceased). Most of his ties are to the United States. He has a few ties to Philippines, a territory that is now under a different political authority than it was during the period of his residency there. Furthermore, Petitioner has objectively demonstrated his allegiance to the United States. Petitioner filed his application for citizenship, thereby expressing his willingness to take an oath of allegiance to his adopted country. In addition, he signed an oath of allegiance, which further indicates his loyalty to the United States.(See attached Exhibit).

Petitioner was convicted of a crime that is defined as an aggravated felony for purposes of INA § 237 (a)(2)(A)(iii). However, this was not a crime of violence, not narcotics distribution, nor an offense involving bodily harm or the use of a weapon.

Based on the facts enumerated above, and decided by precedent courts on similar facts; Petitioner contends that he is a "National of the United States" and is therefor he is not subject to detention and removal. (The Court finds that Petitioner has satisfied the requirements to be considered a national of the United States. He has demonstrated his allegiance through his {216 F. Supp. 2d 59}

application for naturalization -----", Citing <u>Yuen Shing Lee v.</u>
<u>Ashcroft</u>, 216 F. Supp. 2d 51; 2002 U.S. Dist. LEXIS 15353.

### CONCLUSION

Based on the foregoing, Petitioner concludes and respectfully
requests the court:

    To take jurisdiction in this action;

    To conduct a de novo hearing on Petitioner's application for
naturalization and/or in alternative make appropriate
arrangements and direct DHS (INS), so that they could conduct
Petitioner's application for Naturalization;

    To rule that Petitioner is a National of the United States; and

    To determine that Department of Home Land Security, Bureau of
Immigration and Customs Enforcement has no authority to detain
and remove him from United States of America.

Respectfully submitted.

Date: October __28__, 2003

_____

JOAQUIN CASTILLO ROJO

Petitioner, pro-Se.

# EXHIBITS

## JOAQUIN C. ROJO

Department of Justice
Immigration and Naturalization Service

## Certificate Preparation Sheet And Oath Declaration

A # | A 041 286 030

Daytime Phone # | (818) 702-0667

NAME (If name Change, ENTER new Name):     Check BOX if there is a change of name: ⟶ [ ]

JOAQUIN
(FIRST)

CASTILLO
(MIDDLE)

ROJO
(LAST)

Date of birth: | 04/27/1968
Month/Day/Complete Year

(Check Sex)   MALE: [X]

FEMALE: [ ]

Height: | 5 | 6 |   Marital Status; Enter "S" Single, "M" Married, "D" Divorced, or "W" Widow(er): ⟶ [M]
(Feet) (Inches)

Country of Former Nationality: | Philippines
(Enter Actual name of Country)

## Oath of Allegiance

I HEREBY DECLARE, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and the laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I will bear arms on behalf of the United States when required by the law; that I will perform noncombatant service in the Armed Forces of the United States when required by the law; that I will perform work of national importance under civilian direction when required by the law; and that I take this obligation freely without any mental reservation or purpose of evasion; SO HELP ME GOD.

In acknowledgment whereof I have hereunto affixed my signature.

_____         JAN 2 9 2000
Applicant's Signature (name change)              Date

Form N-649 (Rev. 11/1/98)

SEARCH CRITERIA: ANUM = 041286030

CIDN      : A041286030              ORI: (SC) CAINSWANZ (LOC) CAINSLA00
A-NUMBER  : 041286030    FORM#: N400
NAME (L/F/M): ROJO              JOAQUIN    C

DATE OF BIRTH   : 04/27/1968
FP REQUEST SENT: 11/29/2000        TCN: A041286030200011290827
PLACE OF BIRTH : PI               TCR:

********************* FBI RESPONSE INFORMATION ***************************

FBI RESPONSE DESCRIPTION : NON-IDENT        CONTROL NO: RO3403N
DATE PROCESSED BY FBI    : 11/29/2000       FNU      :
RESPONSE PROCESSED BY LAN: 11/29/2000       PCN      :
RESPONSE PROCESSED BY M/F: 11/30/2000
REJECT DESCRIPTION       :

SUCCESSFUL FD258 DETAIL SCREEN DISPLAY
      PF1         PF2              PF6            PF8
    PG FWD     PG BWD        PRIOR SCREEN      LOGOFF

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0145
Application for Naturalization

## START HERE - Please Type or Print

| FOR INS USE ONLY |
|---|

### Part 1.  Information about you.

| Family Name | ROJO | Given Name | JOAQUIN | Middle Initial | CASTILLO |
|---|---|---|---|---|---|

**U.S. Mailing Address** - Care of:

| Street Number and Name | 20549 Wyandotte Street | Apt. # | |
|---|---|---|---|
| City | Canoga Park | County | Los Angeles |
| State | California | Zip Code | 91306 |
| Date of Birth (month/day/year) | 04/27/1968 | Country of Birth | Philippines |
| Social Security # | 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 | A # | A41-286 030 |

**FOR INS USE ONLY**

Returned

Receipt

8/9/2000  WSC*000515472

WSC5000472221

Resubmitted

Reloc Sent

Reloc Rec'd

Applicant Interviewed
JAN 29 2001

### Part 2.  Basis for Eligibility  (check one).

a. ☒ I have been a permanent resident for at least five (5) years.

b. ☐ I have been a permanent resident for at least three (3) years and have been married to a United States Citizen for those three years.

c. ☐ I am a permanent resident child of United States citizen parent(s).

d. ☐ I am applying on the basis of qualifying military service in the Armed Forces of the U.S. and have attached completed forms N–426 and G–325B.

e. ☐ Other.  (Please specify section of law) _____

### Part 3.  Additional Information about you.

| Date you became a permanent resident (month/day/year) | Port admitted with an immigrant visa or INS Office where granted adjustment of status. |
|---|---|
| 07/14/1990 | Los Angeles, CA |

Citizenship
Filipino   *PHILIPPINES*

Name on alien registration card (if different than in Part 1)
Same

Other names used since you became a permanent resident (including maiden name)
None

| Sex | ☒ Male  ☐ Female | Height | 5'6" | Marital Status | ☐ Single  ☒ Married | ☐ Divorced  ☐ Widowed |
|---|---|---|---|---|---|---|

Can you speak, read and write English?   ☐ No  ☒ Yes.

**At Interview**

☒ request naturalization ceremony at court

**Remarks**

**Absences from the U.S.**

Have you been absent from the U.S. since becoming a permanent resident?   ☐ No  ☒ Yes

If you answered "Yes", complete the following. Begin with your most recent absence. If you need more room to explain the reason for an absence or to list more trips, continue on separate paper.

| Date left U.S. | Date returned | Did absence last 6 months or more? | Destination | Reason for trip |
|---|---|---|---|---|
| 12/22/1996 | 01/06/1997 | ☐ Yes  ☒ No | Philippines | vacation |
| | | ☐ Yes  ☐ No | | |
| | | ☐ Yes  ☐ No | | |
| | | ☐ Yes  ☐ No | | |
| | | ☐ Yes  ☐ No | | |
| | | ☐ Yes  ☐ No | | |

**Action**

**To be completed by Attorney or Representative, if any**

☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#
LOS000011

ATTY State License #
CA #079580

Form N-400 (Rev. 07/17/91)N

*Continued on back.*

## Part 4.  Information about your residences and employment.

A.   List your addresses during the last five (5) years or since you became a permanent resident, whichever is less.  Begin with your current address.  If you need more space, continue on separate paper:

| Street Number and Name, City, State, Country, and Zip Code | Dates (month/day/year) From | To |
|---|---|---|
| 20549 Wyandotte St., Canoga Park, CA 91306 | 05/12/1996 | present |
| 6335 De Soto Ave., Canoga Park, CA 91303 | 04/06/1995 | 05/11/1996 |
| 7319 Milwood Ave., #5, Canoga Park, CA 91303 | 05/14/1994 | 04/05/1995 |

B.   List your employers during the last five (5) years.  List your present or most recent employer first.  If none, write "None".  If you need more space, continue on separate paper.    *(4) NO OTHERS*

| Employer's Name | Employer's Address Street Number and Name, City, State, Country, Zip Code | Dates Employed (month/day/year) From | To | Occupation/position |
|---|---|---|---|---|
| Levlad, Inc. | 9200 Mason Ave., Chatsworth, CA 91311 | 11/17/1998 | present | Lab Technician |
| Thibiant International | 20320 Prairie St., Chatsworth, CA 91311 | 11/1997 | 5/1998 | Quality Control Tech. |
| Banner Pharmacaps | 20730 Dearborn St., Chatsworth, CA 91311 | 09/07/1992 | 05/14/1997 | Quality Assurance Tech. |

## Part 5.  Information about your marital history.

A.   Total number of times you have been married ___1___.  If you are now married, complete the following regarding your husband or wife.    *(A) NO OTHERS*

| Family name ROJO | Given name Susan | Middle initial B. |
|---|---|---|
| Address   20549 Wyandotte Streeat | | Canoga Park, CA 91306 |

| Date of birth (month/day/year)   12/26/1966 | Country of birth   Philippines | Citizenship   U.S. |
|---|---|---|
| Social Security#   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 | A# (if applicable) | Immigration Status (if not U.S. citizen) |

| Naturalization (if applicable)   11/17/1978 (month/day/year) | Place   (City, State)   Agana, Guam |
|---|---|

If you have ever previously been married or if your current spouse has been previously married, please provide the following on separate paper:  Name of prior spouse, date of marriage, date marriage ended, how marriage ended, and immigration status of prior spouse.    *(5) NO OTHERS*

## Part 6.  Information about your children.

B.   Total number of Children ___2___.  Complete the following for each of your children.  If the child lives with you, state "with me" in the address column; otherwise give the city/state/country of the child's current residence.  If deceased, write "deceased" in the address column.  If you need more space, continue on separate paper.

| Full name of child | Date of birth | Country of birth | Citizenship | A - Number | Address |
|---|---|---|---|---|---|
| Karl Stephen B. Rojo | 08/12/1989 | Philippines | Filipino | A41 286 031 | with me |
| Kevin Beau B. Rojo | 03/08/1994 | U.S.A. | U.S. | | with me |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*(6) NO OTHERS*


Continued on back


## Part 7.  Additional eligibility factors.

Please answer each of the following questions.  If your answer is "Yes", explain on a separate paper.

1. Are you now or have you ever been a member of, or in any way connected or associated with the Communist Party, or ever knowingly aided or supported the communist party directly, or indirectly through another organization, group or person, or ever advocated, taught, believed in, or knowingly supported or furthered the interests of communism?  ☐ Yes  ☒ No

2. During the period March 23, 1933 to May 8, 1945, did you serve in, or were you in any way affiliated with, either directly or indirectly, any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, citizen unit of the Nazi party of SS, government agency or office, extermination camp, concentration camp, prisoner of war camp, prison, labor camp, detention camp or transit camp, under the control or affiliated with:
   a. The Nazi Government of Germany  ☐ Yes  ☒ No
   b. Any government in any area occupied by, allied with, or established with the assistance or cooperation of, the Nazi Government of Germany?  ☐ Yes  ☒ No

3. Have you at any time, anywhere, ever ordered, incited, assisted, or otherwise participated in the persecution of any person because of race, religion, national origin, or political opinion?  ☐ Yes  ☒ No

4. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces  ☐ Yes  ☒ No

5. Have you ever failed to comply with Selective Service laws?  ☐ Yes  ☒ No
   If you have registered under Selective Service laws, complete the following information:
   Selective Service Number: _____  Date Registered: _____
   If you registered before 1978, also provide the following:
   Local Board Number: _____  Classification: _____

6. Did you ever apply for exemption from military service because of alienage, conscientious objections, or other reasons?  ☐ Yes  ☒ No

7. Have you ever deserted from the military, air or naval forces of the United States?  ☐ Yes  ☒ No

8. Since becoming a permanent resident, have you ever failed to file a federal income tax return?  ☐ Yes  ☒ No

9. Since becoming a permanent resident, have you filed an income tax return as a nonresident or failed to file a federal return because you considered yourself to be a nonresident?  ☐ Yes  ☒ No

10. Are deportation proceedings pending against you, or have you ever been deported, or ordered deported, or have you ever applied for suspension of deportation?  ☐ Yes  ☒ No

11. Have you ever claimed in writing, or in any way, to be a United States citizen?  ☐ Yes  ☒ No

12. Have you ever:
   a. been a habitual drunkard?  ☐ Yes  ☒ No
   b. advocated or practiced polygamy?  ☐ Yes  ☒ No
   c. been a prostitute or procured anyone for prostitution?  ☐ Yes  ☒ No
   d. knowingly and for gain helped any alien to enter the U.S. illegally?  ☐ Yes  ☒ No
   e. been an illicit trafficker in narcotic drugs or marijuana?  ☐ Yes  ☒ No
   f. received income from illegal gambling?  ☐ Yes  ☒ No
   g. given false testimony for the purpose of obtaining any immigration benefit?  ☐ Yes  ☒ No

13. Have you ever been declared legally incompetent or have you ever been confined as a patient in a mental institution?  ☐ Yes  ☒ No

14. Were you born with, or have you acquired in some way, any title or order of nobility in any foreign State?  ☐ Yes  ☒ No

15. Have you ever:
   a. knowingly committed any crime for which you have not been arrested?  ☐ Yes  ☒ No
   b. been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance excluding traffic regulations?  ☐ Yes  ☒ No

(If you answer yes to 15, in your explanation give the following information for each incident or occurrence: the city, state, and country, where the offense took place, the date and nature of the offense, and the outcome or disposition of the case).

## Part 8.  Allegiance to the U.S.

If your answer to any of the following questions is "NO", attach a full explanation:
1. Do you believe in the Constitution and form of government of the U.S.?  ☒ Yes  ☐ No
2. Are you willing to take the full Oath of Allegiance to the U.S. (see instructions)  ☒ Yes  ☐ No
3. If the law requires it, are you willing to bear arms on behalf of the U.S.?  ☒ Yes  ☐ No
4. If the law requires it, are you willing to perform noncombatant services in the Armed Forces of the U.S.?  ☒ Yes  ☐ No
5. If the law requires it, are you willing to perform work of national importance under civilian direction?  ☒ Yes  ☐ No

Form N-400 (Rev. 07/17/91)N

Continued on back

## Part 9.  Memberships and Organizations

A.   List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place.  Include any military service in this part.  If none, write "none".  Include the name of organization, location, dates of membership and nature of the organization.  If additional space is needed, use separate paper.

None.

## Part 10.   Complete only if you checked block " C " in Part 2.

How many of your parents are U.S. citizens?  ☐ One   ☐ Both   (Give the following about one U.S. citizen parent:)

| Family Name | Given Name | Middle Initial |
|---|---|---|

Address

| Basis of citizenship: | Relationship to you (check one:):   ☐ natural parent   ☐ adoptive parent |
|---|---|
| ☐ Birth | |
| ☐ Naturalization Cert. No. | ☐ parent of child legitimated after birth |

If adopted or legitimated after birth, give date of adoption, or, legitimation: (month/day/year) _____

Does this parent have legal custody of you?   ☐ Yes   ☐ No

*(Attach a copy of relating evidence to establish that you are the child of the U.S. citizen and evidence of this parent's citizenship.)*

## Part 11.  Signature   (Read the information on the penalties in the instructions before completing this section).

I certify, or, if outside the United States, I swear or affirm, under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct.  I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Signature                                                                                        Date

Please Note:   If you do not completely fill out this form, of fail to submit the required documents listed in the instructions, you may not be found eligible for naturalization and this application may be denied.

## Part 12.  Signature of person preparing form if other than above.  *(Sign below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print your Name | Date |
|---|---|---|

Firm Name and Address

### DO NOT COMPLETE THE FOLLOWING UNTIL INSTRUCTED TO DO SO AT THE INTERVIEW

I swear that I know the contents of this application, and supplemental pages, 1 through _____, and that the corrections, numbered 1 through _____, were made at my request and that this amended application, is true to the best of my knowledge and belief.

JAN 2 9 2001

(Complete and true signature of applicant)

Subscribed and sworn to before me by the applicant.

JAN 2 9 2001

(Examiner's Signature)                    Date

A. De Aro

Form N-400 (Rev. 07/17/92)N

U. S. Department of Justice
Immigration and Naturalization Service

# N-400 Adjudication Processing Worksheet

A# 041 286 030

| INTERVIEW | Initials | Date | Remarks |
|---|---|---|---|
| Appeared for interview | A→ | JAN 29 2001 | No show on _____ (Date) _____ (Initials and Current Date) |
| A-file present at time of initial interview | A→ | JAN 29 2001 | |

| OFFICER | Initials | Date | Remarks (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| Met § 312 requirements at initial interview | | | WL 871 - A→ JAN 29 2001 (55/15) (50/20) (65/20) |
| Appeared for Re-Exam | | | No show on: 05/22/01  A05/23/01 (Date)  (Initials and Current Date) |
| Met § 312 requirements at Re-Exam | | | |
| If applicable, met § 312(b) disability exceptions | | | |
| Established physical presence/residence | A→ | JAN 29 2001 | JAN 29 2001 COL A7820790 4-A→ |
| Established good moral character | A→ | JAN 29 2001 | (See Sworn Statement) (Criminal Record in File) |
| Established attachment to Constitution (If modified oath, circle notation in remarks) | A→ | JAN 29 2001 | (Religious Objection) |
| Met other eligibility requirements (put reason(s) in remarks) | | | (See Sworn Statement) |
| Recommendation, if supervisory review required ☐ (CRIMINAL) and/or                1ST ☐ (T-FILE) and/or ☐ (DISABILITY)             If necessary, enter 2ND | | | CIRCLE RECOMMENDATION: (GRANT)      (DENY)      (WITHDRAW) CIRCLE RECOMMENDATION: (GRANT)      (DENY)      (WITHDRAW) |

| SUPERVISORY CONCURRENCE WITH OFFICER'S RECOMMENDATION | Initials | Date | Remarks (Indicate non-concurrence issue(s) within remarks) |
|---|---|---|---|
| | | | |

| OFFICER | Initials | Date | Remarks (Circle decision) |
|---|---|---|---|
| Indicate decision under remarks | AR | OCT 23 2001 | (GRANTED)   (DENIED)   (WITHDRAWN) |

Reverified _____

Reverifier's Signature                                                    Date

Form N-650B (Rev. 11/1/98)

U. S. Department of Justice

Immigration and Naturalization Service

# N-400 Clerical Processing Worksheet

A# 041-286-030

| CLERICAL | Initials | Date | Remarks |
|---|---|---|---|
| FD-258 "Masthead" is complete, accurate, and legible (Overseas-Initially Prepared FD-258s) | | | |

| COMPLETE FOR ALL FILES | Initials | Date | Remarks (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| FD-258 Control # :  RO 3463 N<br><br>Process Date:  11-29-00 | CA 0435 | 12-26-00 | (Waived)<br>(Rap Sheet Interfiled)<br>(FTA/RFE-Not Received) |
| FD-258  Control # :  _____<br><br>Process Date:  _____ | | | (2nd Unclassifiable)<br>(Rap Sheet Interfiled)<br>(FTA/RFE-Not Received) |

| MANUAL REQUESTS/RAFACS REQUESTS | Initials | Date | Remarks (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| Initial search request was made (RAFACS) | | | |
| If necessary, 2nd search request was made (RAFACS - 30 calendar days) | | | |
| If necessary, 3rd search request was made (RAFACS - 30 calendar days) | | | |
| Manual search request initiated (circle one) | | | (New Added)<br>(No Record Found) |
| Final Status of A-file (circle one) | | | (Received)<br>(Not Received)<br>(New Added)<br>(Not Found) |

| A-FILE PROCESSING | Initials | Date | Remarks |
|---|---|---|---|
| A-file relates to applicant | CA0215 | 10-17-00 | |

| T-FILE PROCESSING | Initials | Date | Remarks |
|---|---|---|---|
| CIS documentation of lawful status and requisite file transfer requests is in T-file (9101 and 9504 CIS screen prints) | | | |

 

U.S. Department of Justice
Immigration and Naturalization Service

300 North Los Angeles Street
Los Angeles, CA 90012

Joaquin C. Rojo _____

20549 Wvandotte St. _____          Date:_____October 23, 2001_____

Canoga Park, CA 91306 _____          File:_____A041 286 030_____

## DECISION

On _____January 29, 2001_____ you appeared for an examination on your application for naturalization, and on _____May 22, 2001_____ you [ ] **did**  [ x ] **did not** appear for reexamination.

Pursuant to the investigation and examination on your application, it is determined that you are ineligible for naturalization.  Section 312 of the Immigration and Nationality Act, as amended (8 CFR §1423).  Provides, in pertinent part that:

> "No person except as otherwise provided... shall hereafter be naturalized... who cannot demonstrate an understanding of the English language, including an ability to read, write and speak words in ordinary usage in the English language and a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States."

You have failed to meet the requirements of § 312 in that:

[ ]     You have failed to demonstrate ability to speak and understand the English language sufficiently to answer the questions during your interview and on your application, and are not exempt from the requirement.

[ ]     You have failed to demonstrate ability to write words in ordinary usage in the English language which were presented to you to write, and you are not exempt from this requirement.

[ x ]   You have failed to demonstrate knowledge of the history, and of the principles and form of government, of the United States.

This decision is made without prejudice toward the filing of a new application in the future.

If you decide to request a review hearing on this decision pursuant to Section 336(a) of the INA, you must file a request for a hearing **within 30 days** of the date of this notice (33 days if this notice is received by mail).  If no request for hearing is filed within the time allowed, this decision is final.  A request for hearing may be made to the District Director of the Immigration and Naturalization Service at **300 North Los Angeles Street, Los Angeles, CA 90012** on Form N-336 (Request for Hearing on A Decision in Naturalization Proceedings under Section 336 of the Act), together with a fee of **$170.00**. A brief or other written statement may be submitted in support of your Request for Hearing.

Sincerely,

Thomas J. Schiltgen
District Director
Signed for by
A. Rivera

Thomas J. Schiltgen
District Director

Enclosure(s): N-336
N-335(7)

**U.S. Department of Justice**
Immigration and Naturalization Service                                          CITIZENSHIP NOTICE

File No.: _A 24! 236 030_

JOAQUIN ROJO                                                                     Date: _1 29-01_

Officer: _A DEHAN_

Dear Naturalization Applicant:

Your application has been continued for the following reason(s):

[X]   Reexamination on ability to _OK_ read, _OK_ write, _OK_ speak, or _OK_ understand English;
      or _X_ knowledge of U.S. history and government. You will be notified by mail regarding the
      date and time of your next interview.

[ ]   A more in-depth interview regarding the issue(s) of:_____
      _____
      _____
      _____

      You will be notified by mail regarding the date and time of your next interview.

[ ]   Another interview regarding your eligibility for exception(s) to the requirement(s) of Section 312
      of the I.N.A. You will be notified by mail regarding the date and time of your next interview.

            [ ]   Form N-648 is required to establish your eligibility for exception(s) to the
                  requirements of Section 312, INA. Please refer to attachment N-648A for more
                  information.
            [ ]   The Form N-648 that you submitted lacks certain required information. Please refer
                  to attachment N-648B for more instructions.

[ ]   No further action on your part is required at this time. Upon receipt of the below checked boxes,
      your application can be acted upon:

            [ ]   Your permanent immigrant file.

            [ ]   Your fingerprint background clearance from the FBI.

            [ ]   Your military clearance and/or verification of your military service.

            [ ]   Other: _____
                  _____
                  _____
                  _____

If you have not received a response after 120 days from the date of this notice, you may mail an inquiry
to the following address: **Immigration & Naturalization Service, P.O. Box 5208, El Monte, CA
91734.** Please send a copy of this notice with your inquiry.

If you have a change of address, please complete and mail the attached change of address form.

WR-821 (ELM)
09/20/1999                                                                       [ ] See Reverse

Please bring the following information and/or documents to your next interview: Failure to do so may result in the denial of your application.

## NOTE: ALL DOCUMENTS MUST BE ORIGINAL OR CERTIFIED COPIES.

*Any documents in a foreign language must be accompanied by a translation in English. The translator must certify that he/she is competent to translate and that the translation is accurate.*

☐ Complete arrest report(s), court disposition(s), and probation report(s) (if applicable) for the following:

| Arrest date | Arresting Agency | Place | Case Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(All court dispositions MUST be certified by the court issuing the record. If a record is no longer available, you must submit documentation from the appropriate agency as to its unavailability. If a record has been sealed or expunged, court records showing such must be submitted.)

☐ Police clearance(s) from the local law enforcement agency(ies), from all jurisdictions where you have resided for the years: _____

☐ Birth certificate of _____

☐ Marriage certificate of _____

☐ Divorce decree (interlocutory and final decree) of _____

☐ Death certificate of _____

☐ Your written statement , as well as a letter from your church, signed by a church official, explaining how your religious beliefs prevent you from taking the full oath.

☐ Evidence of bona fide marriage - bring any documents which would assist in establishing the validity of your marriage such as (but not limited to) lease agreements or home ownership documents, joint bank and credit accounts, joint tax returns, proof of joint ownership of other property such as investments, automobiles, life insurance, health insurance.

☐ Proof that your spouse has been a U.S. citizen for more than three years, such as birth certificate, naturalization certificate, certificate of citizenship, or U.S. passport.

☐ Proof of child support for _____
(Bring evidence of your payment of financial support, such as cancelled checks, money order receipts and bank drafts showing your payment record, along with copies of any court or government orders relating to the required payment.)

☐ Copies of tax returns for tax year(s) _____
(Bring copies of any correspondence relating to payment arrangements, and copies of any returns for which you claimed to be a non-resident.)

☐ Verification of tax compliance from the Internal Revenue Service (I.R.S.) for tax years: _____

☐ Proof of Selective Service registration. (Selective Service System telephone number: 1-847-688-6888). Note: If you failed to register with the Selective Service System before you reached age 26, you must contact Selective Service System and request a status information or advisory letter regarding your failure to register. Please submit this as well as any other correspondence that you receive from the Selective Service System to the I.N.S.

☐ Your passport(s) and any travel documents issued by the I.N.S.

☐ Proof of physical presence in the United States during the years _____

☐ Other: _____

_____

_____

_____

_____

_____

_____

Immigration and Naturalization Service                          Notice of Action

# THE UNITED STATES OF AMERICA

| Request That Applicant Appear For Naturalization Initial Interview | | NOTICE DATE<br>December 11, 2000 |
|---|---|---|
| CASE TYPE<br>N400  Application For Naturalization | | INS A#<br>A 041 286 030 |
| APPLICATION NUMBER<br>WSC*000515472 | RECEIVED DATE<br>July 26, 2000 | PRIORITY DATE<br>July 26, 2000 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

JOAQUIN C ROJO
20549 WYANDOTTE ST
CANOGA PARK CA 91306

Please come to:
EL MONTE USINS OFFICE
9650 FLAIR DRIVE
PARK PLACE BUILDING
DE ARO. 2
EL MONTE CA 91731
On (Date): Monday, January 29, 2001
At (Time): 01:15 PM

You are hereby notified to appear for an interview on your Application for Naturalization at the date, time, and place indicated above. Waiting room capacity is limited. Please do not arrive any earlier than 30 minutes before your scheduled appointment time. The proceeding will take about two hours. If for any reason you cannot keep this appointment, return this letter immediately with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.

If you are applying for citizenship for yourself, you will be tested on your knowledge of the government and history of the United States. You will also be tested on reading, writing, and speaking English, unless on the day you filed your application, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old; or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old; or unless you have a medically determinable disability (you must have filed form N648 Medical Certification for Disability Exception, with your N400 Application for Naturalization).

You MUST BRING the following with you to the interview:

* This letter.
* Your Alien Registration Card (green card).
* Any evidence of Selective Service Registration.
* Your passport and/or any other documents you used in connection with any entries into the United States.
* Those items noted below which are applicable to you:

If applying for NATURALIZATION AS THE SPOUSE of a United States Citizen;

* Your marriage . . rtificate.
* Proof of death or divorce for each prior marriage of yourself or spouse.
* Your spouse's birth or naturalization certificate or certificate of citizenship.

If applying for NATURALIZATION as a member of the United States Armed Forces;

* Your discharge certificate, or form DD 214.

If copies of a document were submitted as evidence with your N400 application, the originals of those documents should be brought to the interview.

PLEASE keep this appointment, even if you do not have all the items indicated above.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

INS Office Address:
US IMMIGRATION AND NATURALIZATION SERVICE
P.O BOX 10400 CALIFORNIA SERVICE CENTER
LAGUNA NIGUEL, CA 92607

INS Customer Service Number:
(949) 831-8427

APPLICANT COPY

Date: October 10, 2003

## TO WHOM IT MAY CONCERN

I, Susan B. Rojo, declare that I am over the age of 18 and make this declaration with a sound mind to the best of my knowledge and ability and can testify to the contents stated therein.

That, Susan B. Rojo is my true and correct name and I was born on 12-26-1966 in Philippines.

That, I am a United States Citizen and my residential address is 20549 Wyandotte Street, Canoga Park, California 91306.

That, I am married to Joaquin C. Rojo, and that we have two sons from this marriage; Karl Stephen B. Rojo and Kevin Beau B. Rojo.

That, on May 22, 2001, our youngest son Kevin Beau B. Rojo fell very sick and that day, my husband was forced to stay with Kevin, because I could not take a day off at work. I was the only person working for the family and would have lost my job, if I had not showed up at work.

*That, because of these sudden unavoidable and unforeseeable circumstances on May 22, 2001, which were beyond our control, my husband unfortunately could not show up for his citizenship examination.*

I declare under the penalty of perjury pursuant the laws of State of California and United States of America that forgoing is true and correct.

Sincerely,


*Susan B. Rojo*
Susan B. Rojo

Address:
20549 Wyandotte Street,
Canoga Park, California 91306.