USDC SCAN INDEX SHEET

















CSG    12/9/03    10:28

3:03-CV-02145   ROJO V. ASHCROFT

*4*

*ANSHC.*

1  CAROL C. LAM
   United States Attorney
2  STEVEN J. POLIAKOFF
   Assistant U.S. Attorney
3  California State Bar No. 188231
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619)557-7117

6  Attorneys for the
   United States of America
7

FILED

03 DEC -8 PM 3: 12

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                         DEPUTY

8              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
9

10  JOAQUIN CASTILLO ROJO,              )   Case No.  03 CV 2145 JM (LSP)
    A41-286-030                         )
11                                      )
                      Petitioner,       )
12      v.                              )
                                        )
13  JOHN ASHCROFT, et al.,              )   GOVERNMENT'S RETURN
                                        )
14                    Respondents.      )
                                        )
15                                      )
                                        )
16  ─────────────────────────────────  )

                    I. INTRODUCTION
17

18      Petitioner Joaquin Castillo Rojo complains that the Department of Homeland Security

19  ("DHS") has no authority to keep him in detention and to remove him from the United States.

20  Petitioner further alleges that he is, or has at least met all the requirements to be, "a National of the

    United States" and that the INS violated his due process rights.
21

22      Petitioner seeks: 1) to have the District Court conduct a de novo hearing on his application

23  for naturalization and/or to make appropriate arrangements and direct DHS/INS, so that it can conduct

24  a hearing on Petitioner's application; 2) to request the District Court to rule that Petitioner is a

25  national of the U.S.; and 3) to request the District Court to find that DHS has no authority to detain

    and remove the Petitioner from the U.S.
26

27      As detailed herein, a district court may not perform a de novo review when, as under the facts and

28  circumstances of this case, the issue of Petitioner's status resulted from his removal proceedings.

1   In addition, Petitioner has no legal basis to establish that he is a national of the United States. As
2   such, and given Petitioner's admission to an aggravated felony, DHS is well within its authority to
3   remove Petitioner.

4                                       II. STATEMENT OF FACTS

5        The petitioner is a native and citizen of the Philippines. He was admitted to the United States
6   as a lawful permanent resident (LPR) on July 14, 1990. The DHS/INS began removal proceedings
7   against the petitioner on April 3, 2003 through the issuance of a Notice to Appear (NTA), charging
8   him with being subject to removal as an alien who has convicted of an aggravated felony as defined
9   in § 101(a)(43)(R) of the Immigration and Nationality Act (Act) (to wit: conviction of offense relating
10  to forgery). (Ex. 1, NTA and Ex. 3, Oral Decision of Immigration Judge ("IJ") at 3). The removal
11  charge was based on Petitioner's conviction on 4/30/02 for Forgery in violation of California Penal
12  Code § 470(D) for which he received a sentence of 16 months in state prison. (Ex. 5, Conviction
13  Records Including Probation Report.)

14       On April 30, 2003, the IJ held a removal hearing on the charges in the NTA. (Ex. 4.) At the
15  hearing, the Petitioner admitted all the allegations in the NTA, including the fact that he was
16  convicted of forgery and that he was a citizen and national of the Philippines. The IJ, after reviewing
17  possible avenues of relief in the case, found the Petitioner removable on the aggravated felony charge.
18  (Ex. 3 at 3-4; Ex. 4, April 30, 2003 In REMOVAL Proceedings Transcript of Hearing, at 80 - 83.)

19       The Petitioner appealed the IJ's decision to the Board of Immigration Appeals (Board) raising
20  due process violations and, for the first time, U.S. citizenship and nationality claims. (Ex. 6.) The
21  Board on July 30, 2003 issued a Final Order in Petitioner's case affirming the IJ's decision and
22  rejecting Petitioner's claim to citizenship and allegations of due process violations. (Ex. 7, Final
23  Order.)

24                                          III. ARGUMENT

25       1. Petitioner Cannot Request De Novo Review of Denial of Naturalization Application In
         District Court
26

27       8 U.S.C. § 1503(a) precludes district court jurisdiction over the nationality claim if it has
28  been raised

                                                    2

1   in any removal proceeding:

2   JUDICIAL PROCEEDINGS FOR DECLARATION OF UNITED STATES NATIONALITY

3   IN EVENT OF DENIAL OF RIGHTS AND PRIVILEGES AS NATIONAL

4   (a) PROCEEDINGS FOR DECLARATION OF UNITED STATES NATIONALITY.--If

5   any person who is within the United States claims a right or privilege as a national

6   of the United States and is denied such right or privilege by any department or

7   independent agency, or official thereof, upon the ground that he is not a national of

8   the United States, such person may institute an action under the provisions of

9   section 2201, title 28, United States Code, against the head of such department or

10   independent agency for a judgment declaring him to be a national of the United

11   States, *except that no such action may be instituted in any case if the issue of*

12   *such person's status as a national of the United States (1) arose by reason of or*

13   *in connection with any removal proceeding under the provisions of this or any*

14   *other act, or (2) is in issue in any such removal proceeding. . . .*

15   8 U.S.C. § 1503(a) (emphasis added). See Chau v. INS, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001)

16   ("We note that, once removal proceedings have been initiated, a petition for review under 8

17   U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his

18   or her status as a national of the United States. Cf. 8 U.S.C. § 1503(a) (declaratory judgment

19   action under 28 U.S.C. § 2201 may not be instituted if nationality is put at issue by removal

20   proceedings)") (emphasis added); Said v. Eddy, 87 F. Supp.2d 937, 944 (D. Alaska 2000) ("Since

21   plaintiff's removal proceeding has concluded and she has agreed not to appeal, the second

22   exception is not implicated here, but the first exception is clearly implicated. Plaintiff's status as a

23   citizen of the United States arose in connection with the recently concluded removal proceeding")

24   (emphasis added).

25   As shown in Exhibit 8, N-400 Application for Naturalization and N-400 Adjudication

26   Processing Worksheet, Petitioner applied for naturalization but failed to appear at a scheduled

27   interview and his application was therefore denied on October 23, 2003. (Ex. 8.) Petitioner then

28   renewed his claim of citizenship during his appeal of his removal order and therefore raised the

3

1 | issue of citizenship while his removal proceedings were pending.  (Ex. 6, Ex. 7.)

2 |      Thus, the District Court does not have jurisdiction over Petitioner's claim.

3 |      2. <u>Petitioner Is Not Statutorily Eligible For Naturalization Benefits</u>

4 |      In order to qualify for naturalization, a person must, among other things, be an individual

5 | of "good moral character."  § 316(a)(3) of the Act.  Good Moral Character (GMC) is defined in

6 | § 101(f) of the Act and excludes individuals "who at any time have been convicted of an

7 | aggravated felony as defined in section 101(a)(43)."

8 |      Here as noted above, Petitioner was convicted of an aggravated felony, forgery, as defined

9 | in § 101(a)(43)(R).  Accordingly, he is not a person of Good Moral Character and is not statutorily

10 | eligible for naturalization.[1]

11 |      3. <u>Petitioner Has Not Articulated a Basis for a Violation of  Due Process</u>

12 |      Petitioner does not articulate the basis of his constitutional challenges anywhere in his petition

13 | or his accompanying memorandum of points and authorities.  Accordingly, the bare contention that

14 | the "INS has consciously maintained a policy and practice of denying requests so arbitrarily and

15 | capriciously so as to violate the substantive due process of the Petitioner" should be rejected.  <u>See,</u>

16 | <u>e.g.</u> , <u>Hoye v. Sullivan</u>, 985 F.2d 990, 992 (9th Cir. 1992) (the plaintiff must allege "facts sufficient

17 | to state a violation of substantive or procedural due process"));  <u>Friedlander v. Cimino</u>, 520 F.2d 318,

18 | 320 (2d Cir. 1975) (same, for stating a violation of equal protection rights) (citing <u>Bell v. Hood</u>, 327

19 | U.S. 678 (1946).

20 |      Here, Petitioner received a full and fair hearing concerning every significant aspect of his

21 | removal hearing.    As noted in the Hearing Transcript and Oral Decision, the IJ explored potential

22 | relief in case, provided Petitioner with the opportunity to be represented, explained procedural rights

23 | to the Petitioner and provided a detailed explanation of Petitioner's appeal rights.  (Exs. 2 and 5.)

24 |     4. <u>Petitioner Is Not a "National" of the United.States.</u>

25 |      Petitioner argues that he is a national of the U.S. because "he signed an oath of allegiance to

26 | the United States of America…(Plaintiff's Memorandum of Points and Authorities at 17.)  Plaintiff,

27 |
28 |

---

1 It should also be noted that petitioner presented false testimony on his application for naturalization when he answered "no" to knowingly committing any crime for which he was not arrested (Q. 15a) (see his statements in Probation Report that he had "used methampetamine on and off for 15 years.")  This fact would also exclude him as a person of GMC under § 101(f)(6).  (Ex. 5, p.8.)

1 however, does not provide any authority for the proposition that the mere taking of an oath of

2 allegiance to the United States confers citizenship. In fact, this very argument was recently rejected

3 by the Ninth Circuit of Appeals and by the Board of Immigration Appeals.

4       In <u>Perdomo-Padill v. Ashcroft</u>, 333 F.3d 964 (9th Cir. 2003), an alien petitioned for judicial

5 review of the decision of the Board of Immigration Appeals ordering his removal, on the theory that,

6 as result of statement of allegiance that he gave in connection with his completed application for

7 naturalization, he was no longer an "alien," but a "national of the United States," who was not

8 removable based on his conviction of aggravated felony. The Court of Appeals held that a permanent

9 resident alien, simply by completing application for naturalization in which he gave statement of

10 allegiance to United States, did not thereby become a "national of the United States." §1101(a)(23)

11 (definition of term national) makes no provision for the attainment of nationality short of full

12 naturalization and, therefore, is consistent with our conclusion that one may become a "national of

13 the United States" only through birth or by completing the process of becoming a naturalized citizen."

14 <u>Id</u>. at 964.

15       Moreover, the BIA also addressed whether an alien had become a national of the United States

16 by signing a statement of allegiance to the United States as part of his application for naturalization.

17 *In re Navas-Acosta*, 23 I&N Dec. 586 (BIA 2003). The BIA held that the alien was *not* a national but

18 remained an alien because "nationality under the [INA] may be acquired only through birth or

19 naturalization." <u>Id</u>. at 588.

20       Thus, the Court should reject Plaintiff's argument that he is a "national" of the United States

21 by virtue of his taking an oath of allegiance to the United States.

22 IV. <u>CONCLUSION</u>

23       For all the foregoing reasons, the Court should dismiss or deny Petitioner's petition.

24

25      Dated: December 8, 2003          CAROL C. LAM
                                   United States Attorney

26

27                                 STEVEN J. POLIAKOFF

28                                 Assistant U.S. Attorney

EXHIBIT _____/_____

U.S. Department of Justice
Immigration and Naturalization Service

Notice to Appear

---

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A41 286 030
CDC: T70060
Rel Date: 4/21/2003

In the Matter of:

U.S. IMMIGRATION & NATURALIZATION SERVICE
INSTITUTIONAL HEARING PROGRAM
Respondent:    ROJO, Joaquin Castillo  AKA: Rojo, Joaquin Castillo
currently residing at   C/O California Department of Corrections
(Number, street, city, state and ZIP code)                                        (Area code and phone number)

☐ 1.  You are an arriving alien.

☐ 2.  You are an alien present in the United States who has not been admitted or paroled.

☒ 3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

☐ 4.  You are not a citizen or national of the United States.

☐ 5.  You are a native of Philippines and a citizen of Philippines.

☐ 6.  You were admitted to the United States at Los Angeles, California on 7/14/1990 as an immigrant;

☐ 7.  You were, on 4/30/2002, convicted in the Superior Court of California, County of Los Angeles for the offense of Forgery, in violation of Section 470(D) of the California Penal Code;

☐ 8.  For that offense, you were sentenced to confinement for a period of 1 year 4 months.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(R) of the Act, an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered, for which the term of imprisonment ordered is at least one year.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

To be set
(Complete Address of Immigration court, including room Number, if any)
on OL 17/03 at 8,0   to show why you should not be removed from the United States based on the charge(s) set forth above.
(Date)   (Time)

Daniel Banda
Assistant Officer In Charge
(Signature and Title of Issuing Officer)
El Centro, California
(City and State)

Date:

APR 02 2003

See reverse for important information                    Form I-862 (Rev. 4-1-97)

Notice to Respondent

Warning: Any statement you make may be used against you in removal proceedings.

**Alien Registration**: This copy of the Notice to appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation**: If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing**: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice of Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear**: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____
(Signature and Title of INS Officer)

(Signature of Respondent)

Date: **APR 0 3 2003**

---

### Certificate of Service **APR 0 3 2003**

This Notice to appear was served on the respondent by me on _____, in the following manner and in
(Date)

compliance with section 239(1)(1)(F) of the Act:          **Aliens right index print**

☒ in person  ☐ by certified mail, return receipt requested  ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

EXHIBIT 2

IMMIGRATION COURT
2409 LA BRUCHERIE ROAD
IMPERIAL, CA  92251

In the Matter of

                                   Case No.: A41-206-030

AS-ROJO, JOAQUIN CASTILLO
    Respondent                    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 30, 2003.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
    PHILIPPINES or in the alternative to

[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to PHILIPPINES or in the
    alternative to

[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
    with an alternate order of removal to PHILIPPINES.

[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1) ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[ ] Respondent's application for a waiver under section _____of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.

[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

Date: Apr 30, 2003
Appeal: Waived/Reserved    Appeal Due By: May 30 2003

                                    DENNIS R. JAMES
                                    Immigration Judge

EOI

DHS  5-30-2003

EXHIBIT _3_

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
El Centro, California

File No.: A 41 286 030                          April 30, 2003

In the Matter of                )
                                )
JOAQUIN CASTILLO ROJO           )       IN REMOVAL PROCEEDINGS
                                )
              Respondent         )

CHARGE:          Section 237(a)(2)(A)(iii) of the Immigration and
                 Nationality Act, as amended - in that, at any time
                 after admission, you have been convicted of an
                 aggravated felony as defined in Section
                 101(a)(43)(R) of the Act, an offense relating to
                 commercial bribery, counterfeiting, forgery or
                 trafficking in vehicles, the identification
                 numbers of which have been altered for which the
                 term of imprisonment ordered is at least one year.

APPLICATIONS:  None submitted.

ON BEHALF OF RESPONDENT:        ON BEHALF OF DHS:

Pro se                          Debra K. Robinson
                                Assistant District Counsel
                                1115 North Imperial Avenue
                                El Centro, CA 92243

ORAL DECISION OF THE IMMIGRATION JUDGE

    The Department issued the Notice to Appear April 2, 2003

charging the above ground of deportability as the basis for the

respondent's removal.  The Notice to Appear was served on the

respondent April 3, 2003 and filed with the Immigration Court on

April 14, 2003.

    The respondent was ordered to appear before the Immigration

Court February 17, 2003 at an Institutional Hearing Program at

California Department of Corrections prison, Calipatria State

1

Prison, Calipatria, California.

The respondent did appear. It was determined that English was his primary language that he wished to proceed in. The respondent was placed under oath to tell the truth in the proceedings, confirmed that his true name is as set forth on the Notice to Appear and that he had received a copy of the document. See Exhibit 1.

The respondent was advised as to why he was in Court and the purpose of the proceedings, and he stated that he understood that.

The respondent was advised of the individual rights to which he is entitled in this proceeding. The respondent stated that he understood his rights.

The respondent confirmed that he received a copy of Form 41 and the list of free legal services working in the area.

The respondent was read each of the allegations filed against him by the Department, and he stated that he understood those allegations. The ground of deportability was explained to him and he stated that he understood that ground of deportability.

He was asked if he had retained counsel. He stated he had not. He was asked if he wished to have some more time to do so, and he stated that he did. His matter was continued until he came into federal custody at the Federal Detention Center in El Centro to give him an opportunity to retain counsel.

A 41 286 030                    2                    April 30, 2003

The respondent was unable to retain counsel.  The respondent appeared before the Court for a merits hearing, stating that he wish to represent himself and was allowed to do so.

The respondent admitted each of the allegations filed against him by the Department.  He admitted he was not a citizen or national of the United States, that he is a native and citizen of the Philippines, that he was now a lawful permanent resident of the United States since July 14, 1990 when he received that status through Los Angeles, California.

He admitted that he had his conviction April 30, 2002 in the Superior Court, County of Los Angeles, State of California for the offense of forgery in violation of Section 470(d) of the California Penal Code and for that offense he was sentenced to confinement for a period of one year and four months.  The respondent told the Court that no appeals were pending on that conviction, that he was born in the Philippines, that both of his parents were born in the Philippines and that neither one of his parents are United States citizens.

The respondent designated the Philippines as the country of removal should that become necessary, and the Court accepts that based upon his admissions today.

The respondent stated that he had no fear of being returned to the Philippines.

The respondent was concerned as to whether any avenues of relief are available for him in these proceedings.

Based upon his aggravated felony conviction and the sentence imposed and his responses to questions today, the Court finds that he is statutorily ineligible to be considered for cancellation of removal on either of his forms, adjustment of status, even enough he has a United States citizen wife and two United States citizen children, because he no longer qualifies for the necessary 212(h) waiver.

He is statutorily ineligible to be considered for asylum. No viable claims have been asserted for withholding or Article 3. He is statutorily ineligible to be considered for voluntary departure.

The respondent is statutorily ineligible to be considered for Section 212(c) relief because it has been repealed. Based upon the date of his conviction, there is no application to Section 212(c) in this case. There is no assertion for any claim of relief under Section 209(c) of the Immigration and Nationality Act based upon that type of admission under Section 207.

Based upon the information before the Court, no applications for relief apply. The respondent is statutorily ineligible for almost all forms of relief based upon the conviction and sentence.

The respondent is hereby ordered removed from the United States to the Philippines as charged.

DENNIS R. JAMES
United States Immigration Judge

A 41 286 030                    4                    April 30, 2003

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE DENNIS R. JAMES, in the matter of:

JOAQUIN CASTILLO ROJO

41 286 030

Calipatria, California

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Kathy J. Mack, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland 21401
(301) 261-1902

June 8, 2003
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

EXHIBIT ___4___

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of                                    File A 41 286 030


                              )
                              )
JOAQUIN CASTILLO ROJO         )   In REMOVAL Proceedings
                              )
                              )
                Respondent    )        Transcript of Hearing


Before DENNIS R. JAMES, Immigration Judge


Date: April 23, 2003          Place:  El Centro, Californiia


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:  English


Appearances:

        For the Immigration and
        Naturalization Service:        For the Respondent:

        Charles Cantu                  Pro se

1  JUDGE FOR THE RECORD

2      This Immigration Judge Dennis R. James.  I'm on the record

3  today, April 23rd, 2003.  The Court setting in El Centro,

4  California calling the matter of Joaquin Castillo Rojo, 41 286

5  030, present in Court today and not represented by counsel.

6  Appearing on behalf of the Department is their attorney Carlos

7  Cantu.

8  JUDGE TO MR. ROJO

9      Q.   Sir, we postponed your case to give you a chance to

10  hire an attorney.  Have you been able to do that?

11      A.   No.  No, sir.  I need more time to --

12      Q.   How much time do you need?

13      A.   I would like to postpone my hearing today and I -- if

14  you could possibly schedule me for a bond hearing, Your Honor.

15      Q.   Okay.  I'll schedule you for a bond hearing.  Do you

16  need some time to hire an attorney?

17      A.   Yes, sir.

18      Q.   April 29th, 2003 at 8:30 in the morning.  Make sure you

19  have your attorney with you ready to proceed at that time.  Do

20  you understand?

21      A.   I, I try to get an attorney, sir.  But, but if I could

22  we still got to set the, the hearing, the bond hearing if I get a

23  lawyer?

24      Q.   I didn't understand you.

25      A.   If I cannot get a lawyer you want to -- we still can

1    proceed the bond hearing?

2        Q.   Sure.   If you give up your right to be represented by

3    an attorney, you can proceed speaking on your own.

4        A.   Okay, yes.

5        Q.   Certainly.   Okay?

6        A.   Okay, Your Honor.

7        Q.   Anything else?

8        A.   No, sir.

9        Q.   Very well, sir.   April 29th, 2003 at 8:30.

10                              HEARING ADJOURNED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### U.S. Department of Justice
### Executive Office for Immigration Review
### United States Immigration Court

Matter of                                        File A 41 286 030

|  |  |
|---|---|
| JOAQUIN CASTILLO ROJO | ) <br> ) <br> )  In REMOVAL Proceedings <br> ) <br> ) <br> )  Transcript of Hearing |
| Respondent | |

Before DENNIS R. JAMES, Immigration Judge

Date:  April 30, 2003          Place:  El Centro, California

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:  English

Appearances:

    For the Immigration and
    Naturalization Service:          For the Respondent:

    Debra K. Robinson                Pro se

1    JUDGE FOR THE RECORD

2         This is Immigration Judge Dennis R. James.  I'm on the

3    record today, April 30th, 2003.  The Court's setting in El

4    Centro, California calling the matter of Joaquin Castillo Rojo,

5    41 286 030.  He's present in Court today not represented by

6    counsel.  Appearing on behalf of the Department is Debra K.

7    Robinson.

8    JUDGE TO MR. ROJO

9         Q.   Mr. Rojo, have you retained counsel?

10        A.   Excuse me, Your Honor?

11        Q.   Have you hired an attorney?

12        A.   No, Your Honor.  I cannot afford to.

13        Q.   Do you want to give up your right to be represented by

14   an attorney and proceed speaking on your on behalf?

15        A.   Yes, Your Honor.

16        Q.   Very well.  Are you a citizen or national of the United

17   States?

18        A.   No, Your Honor.

19        Q.   Are you a native and citizen of the Philippines?

20        A.   Yes, Your Honor.

21        Q.   Have you been a lawful permanent resident since July

22   14th, 1990 through Los Angeles?

23        A.   Yes, Your Honor.

24        Q.   Were you convicted April 30th, 2002 in Los Angeles

25   County, California Superior Court for the offense of forgery in

1   violation of Section 470(D) of the California Penal Code?

2        A.   Yes, Your Honor.

3        Q.   Were you sentenced to one year and four months

4   confinement for that conviction?

5        A.   Yes, Your Honor.

6        Q.   Did you file an appeal with the criminal Court of

7   Appeals?

8        A.   No, Your Honor.

9        Q.   Were you born in the Philippines?

10       A.   Yes, Your Honor.

11       Q.   Were both of your parents born in the Philippines?

12       A.   Yes, Your Honor.

13       Q.   And are either one of your parents a United States

14   citizen?

15       A.   No, Your Honor.

16       Q.   If I have to order you removed to what country do you

17   wish to be removed to?

18       A.   Philippines.

19       Q.   Do you have any fear returning to the Philippines?

20       A.   No, Your Honor.

21       Q.   Is there anything you want to tell the Court about your

22   case at this time?

23       A.   No, Your Honor.

24   JUDGE TO MS. ROBINSON

25        Does the Government stand on the admissions today?

A 41 286 030                    79              April 30, 2003

1   MR. ROJO TO JUDGE

2       Excuse me, Your Honor.

3   JUDGE TO MR. ROJO

4       Q.   Pardon?

5       A.   I'm asking if -- I just want to ask the Court if is

6   there any relief available for me?

7       Q.   I can go through relief analysis with you.  Okay.

8   JUDGE TO MS. ROBINSON

9       The Government stand on the admissions?

10  MS. ROBINSON TO JUDGE

11      Yes, we will.

12  JUDGE TO MR. ROJO

13      Q.   Well, sir, I will find that you are subject to removal

14  as charged by the Service, this conviction and the sentence that

15  was imposed meets the definition of an aggravated felony as

16  charged.  Now, there's only certain types of relief available in

17  these proceedings.  Based on what you've told me there's no

18  citizenship issues in your case.  Do you understand that?  In

19  other words you haven't acquired United States citizenship --

20      A.   I already applied for citizenship, Your Honor, but --

21      Q.   Pardon?

22      A.   I applied -- I already submitted my application for

23  citizenship.

24      Q.   Okay.

25      A.   But since I got locked up I don't know what happened to

A 41 286 030                    80              April 30, 2003

1   it.

2       Q.   Okay.  Well, this will terminate that.

3       A.   It's going to terminate it.

4       Q.   Okay.

5       A.   And my wife and kids are citizens.

6       Q.   Okay.  Anything else?

7       A.   No.

8       Q.   Okay.  Here's the situation you find yourself in.  The
9   Board of Immigration Appeals issued a decision today that the
10  only way you can become a United States citizen is through either
11  being born in the United States or a territory or naturalized.
12  Do you understand?

13      A.   Yes.

14      Q.   And you haven't been naturalized yet?

15      A.   No, Your Honor.

16      Q.   Okay.  Like I said there's only certain avenues of
17  relief available.  Cancellation of removal is one of them for
18  lawful permanent residents and if you have an aggravated felony
19  conviction you don't qualify for that.  Another form is
20  cancellation of removal for people that are not lawful permanent
21  residents and you don't qualify for that because you can't have
22  an aggravated felony conviction or can't have served over 180
23  days in custody.  You don't qualify for adjustment of status and
24  that's the way people become lawful permanent residents.
25  Normally a person who's married to a United States citizen could

1   have that person file a petition to immigrate him to the United

2   States.  You could apply for a 212(h) waiver.  If the 212(h)

3   waiver was granted and you were eligible to become a lawful

4   permanent resident, the Court that it was the right thing to do

5   to grant you lawful permanent residency then you could do that

6   and become a lawful permanent resident.  However, the way the law

7   has been written since 1996 and interpreted since '97, a person

8   that's -- once a lawful permanent resident gets convicted of an

9   aggravated felony is no longer eligible to apply for the 212(h)

10  waiver.  So that eliminates you for eligibility for that.  You're

11  not eligible for asylum because of the conviction.  There's no

12  viable claim being asserted for withholding or Article 3

13  protection because of the aggravated felony conviction, you're

14  not eligible for voluntary departure in either or it's forms.

15  Earlier you'd asked me about Section 212(c), 212(c) is a form of

16  relief that was repealed in 1996.  It no longer applies except in

17  a very narrow number of cases and that's a case where a person

18  entered a guilty plea prior to the Act being amended and

19  eliminating it.  So it doesn't apply in your case because of the

20  date of the conviction.  209(c) wouldn't apply in your case

21  because that's a refugee based claim and it was never asserted.

22  So I've gone through the various avenues of relief that would

23  *apply in your case and explained to you why they don't apply.*

24  Any questions?

25          A.   No, Your Honor.

1     Q.   Okay.

2   JUDGE TO MS. ROBINSON

3        Anything further from the Government?

4   MS. ROBINSON TO JUDGE

5        Nothing further.

6   JUDGE FOR THE RECORD

7        Very well.

8   JUDGE TO MR. ROJO

9        Q.   Well, sir, at this time then I order you deported from

10  the United States to the Philippines as charged.  Do you

11  understand?

12       A.   Yes, Your Honor.

13       Q.   And you listened to everything I explained to the other

14  people that got deported today that were lawful permanent

15  residents?

16       A.   No, Your Honor.

17       Q.   Let me go over it with you again.  If you give you your

18  right to appeal today and accept the Court order, you're no

19  longer a lawful permanent resident.  You'll be sent back to the

20  Philippines.  Under the law as it's now written and it has been

21  for a number of years you'll never be allowed to return to the

22  United States as a lawful permanent resident probably never as a

23  legal visitor.  Do you understand all that?

24       A.   Yes.  I understand.

25       Q.   If you're found back in the United States or caught

1   back in the United States for the next 20 years you can be

2   prosecuted for reentry after removal and because you're

3   identified as aggravated felon you can be sentenced to up 20

4   years in Federal custody and the typical sentence that I've been

5   reading in the appellate Court for that type of a conviction is

6   between 60 and 96 months in custody.  It doesn't mean that'll

7   apply in your case but that's what I've been reading.  Do you

8   understand all that?

9        A.   Yes, Your Honor.

10       Q.   Sir, you have the right to appeal my decision.  Do you

11  wish to appeal my decision?

12       A.   Yes, Your Honor.

13       Q.   Very well.  And to perfect your appeal it needs to be

14  filed so that it's received by the Board of Immigration Appeals

15  on or before May 30th, 2003 and we'll provide you with the appeal

16  forms and instructions for filing your appeal.

17  JUDGE TO MS. ROBINSON

18       And the Government?

19  MS. ROBINSON TO JUDGE

20       Government will waive.

21  JUDGE TO MS. ROBINSON

22       Very well.

23                  <u>JUDGE RENDERS ORAL DECISION</u>

24  JUDGE TO MR. ROJO

25       Q.   Sir, have you received your appeal forms?

A 41 286 030                    84                    April 30, 2003

1     A.   Yes, sir.

2     Q.   Very well.  I'm going to issue a short summary, a

3  written order of what's transpired here today.  To perfect your

4  appeal it must be filed so that it's received by the Board of

5  Immigration Appeals on or before May 30th, 2003.  We'll give you

6  that date in writing.  Do you understand that?

7     A.   Yes, Your Honor.

8     Q.   Very well.

9  JUDGE TO MS. ROBINSON

10     Ma'am, does the Government waive?

11  MS. ROBINSON TO JUDGE

12     Yes.

13  JUDGE FOR THE RECORD

14     Government waives.  Very well.

15  JUDGE TO MR. ROJO

16     Q.   Good luck, sir.

17                        HEARING CLOSED

18

19

20

21

22

23

24

25

A 41 286 030                   85              April 30, 2003

EXHIBIT ____5____

T70060

OKD TO GO S/W NOTES

SEP 30 20

## ABSTRACT OF JUDGMENT - PRISON COMMITMENT - DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

[X] SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **LOS ANGELES, NORTHWEST DISTRICT**

[ ] MUNICIPAL BRANCH OR JUDICIAL DISTRICT:

| PEOPLE OF THE STATE OF CALIFORNIA VS. DOB: 04-27-68 DEFENDANT: ROJO, JOAQUIN CASTILLO AKA: CII#: A23328087 BOOKING#: ~~7250562~~ 7353 291 [ ] NOT PRESENT | CASE NUMBER: PA041000-01 |
|---|---|

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | [ ] AMENDED ABSTRACT | |

| DATE OF HEARING 09-05-02 | DEPT. NO. 122 | JUDGE JESSICAL SILVERS |
|---|---|---|

| CLERK M. WILSON | REPORTER M. SABADO | PROBATION NO. OR PROBATION OFFICER x-1820571 |
|---|---|---|

| COUNSEL FOR PEOPLE M. BYRNE | COUNSEL FOR DEFENDANT L. STRASSNER DPD | [ ] APPTD. |
|---|---|---|

1. Defendant was convicted of the commission of the following felony:

| CNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | JURY | COURT | PLEA | TERM (L, M, U) | YRS | MOS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02 | PC | 470(D) | FORGERY | 2002 | 04-30-02 | | | X | L | 1 | 4 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. [ ] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of $ 200.00 forthwith per PC 1202.4(b) per PC 2085.5.
   b. RESTITUTION FINE of $ 200.00 per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of $_____ per PC 1202.4(f) to _____ victim(s)*          [ ] Restitution Fund
      (*List victim names(s) if known and amount breakdown in item 7, below.)
      (1) [ ] Amount to be determined.          (2) [ ] Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. [ ] LAB FEE of $_____ per H&SC 11372.5(a) for counts: _____
   e. [ ] DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).

6. TESTING: [ ] AIDS [ ] DNA pursuant to [ ] PC 1202.1 [ ] PC 296 [ ] other (specify):

7. Other orders (specify):

8. TOTAL TIME IMPOSED: ........................ 1 4

9. [ ] This sentence is to run concurrent with (specify):

10. Execution of sentence imposed
    a. [ ] at initial sentencing hearing.
    b. [ ] at resentencing per decision on appeal.
    c. [X] after revocation of probation.
    d. [ ] at resentencing per recall of commitment. (PC 1170(d).)
    e. [ ] other (specify):

11.
| DATE SENTENCE PRONOUNCED 09-05-02 | CREDIT FOR TIME SPENT IN CUSTODY 74 | TOTAL DAYS: INCLUDING | ACTUAL LOCAL TIME 50 | LOCAL CONDUCT CREDITS 24 | 4019 SERVED TIME IN STATE INSTITUTION [ ] 2933.1 [ ] DMH [ ] CDC [ ] CRC |
|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff Forthwith [ ] [X] After 48 hours [ ] Excluding Saturdays, Sundays and holidays.
    To be delivered to the reception center designated by Director of the California Department of Corrections.

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE G. SARAO DC III | | DATE- 09-23-02 |
|---|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California CR-290 [Rev. January 1, 1999]

**ABSTRACT OF JUDGMENT - PRISON COMMITMENT - DETERMINATE SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM**

Penal Code, §§ 1170, 1213, 1213.5

C-4-1802

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                          Plaintiff,<br><br>v.<br><br>01  JOAQUIN CASTILLO ROJO  (4/26/1968)<br>                          Defendant(s). | CASE NO. PA041000 |

*FELONY COMPLAINT*

**FILED**
**LOS ANGELES SUPERIOR COURT**

**MAY 0 2 2002**

**JOHN A. CLARKE, CLERK**

The undersigned is informed and believes that:

COUNT 1

On or about April 16, 2002, in the County of Los Angeles, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by JOAQUIN CASTILLO ROJO, who did enter a commercial building occupied by BANK OF AMERICA with the intent to commit larceny and any felony.

* * * * *

**FILED**
**LOS ANGELES SUPERIOR COURT**

**APR 1 8 2002**

JOHN A. CLARKE, CLERK
BY_____
DEPUTY

COUNT 2

On or about April 16, 2002, in the County of Los Angeles, the crime of FORGERY, in violation of PENAL CODE SECTION 470(d), a Felony, was committed by JOAQUIN CASTILLO ROJO, who did, with the intent to defraud, falsely make, alter, forge and counterfeit, utter, publish, pass and attempt to offer to pass, as true and genuine, check, knowing the same to be false, altered, forged and counterfeited.

I certify that this is a true and correct copy of court certified document(s) on file with the California Department of Corrections

U.S. Immigration Officer

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT AND THAT THIS COMPLAINT, CASE NUMBER PA041000, CONSISTS OF 2
COUNT(S).

Executed at SAN FERNANDO, County of Los Angeles, on April 18, 2002.

W. KARPINSKI
DECLARANT AND COMPLAINANT

..............................................................................................................................

STEVE COOLEY,  DISTRICT ATTORNEY

BY:

SUSAN D. MILLS, DEPUTY

AGENCY: LAPD -          I/O: DALESSANDRO       ID NO.: 21947     PHONE : (818) 756-8323
         DEVONSHIRE AREA
DR NO.: 021700699        OPERATOR: MS          PRELIM. TIME EST.:  45 MINUTE(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|---|---|---|---|---|---|
| ROJO, JOAQUIN CASTILLO | 023328087 | 4/26/1968 | 7250562 | $20,000 | 4/18/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense
counsel provide discovery to the People as required by Penal Code Section 1054.3.

I certify that this is a true and
correct copy of court certified
document(s) on file with the
California Department of Corrections

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

COURT COPY

PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 1

| DEFENDANT'S NAME(S)<br>JOAQUIN CASTILLO ROJO<br>TN:<br>AKA: | COURT - DEPT/DIV<br>NV-I | JUDGE<br>TAYLOR | COURT CASE NO.<br>PA041000-01 |
|---|---|---|---|

| ADDRESS (PRESENT/RELEASE)<br>20549 WYANDOTTE STREET<br>CANOGA PARK, CA 91306          Phone: (818)702-0667 | HEARING DATE<br>06/11/2002 | DEFENSE ATTY.<br>P.D. | PROSECUTOR<br>D.A. |
|---|---|---|---|
| BIRTHDATE<br>04/27/1968 | GENDER<br>M | RACE<br>FILIPINO | DPO<br>KITTRELL<br>K04 | AREA OFFICE<br>ESFV | PHONE NO.<br>(818)374-2051 |

| CITIZENSHIP STATUS<br>PHILIPPINES | DRIVER'S LICENSE/EXP.DATE<br>A7820790 - |
|---|---|

| PROBATION NO.<br>X - 1820571 | CII NO.<br>A23328087 | MAIN NO. | TYPE REPORT |
|---|---|---|---|

TYPE REPORT
X  Probation and sentence
___ Pre-Conviction (131.3 CCP)
___ Deferred entry of Judgement
___ Post sentence
___ Diversion (Specify) _____

| DAYS IN JAIL THIS CASE  5<br>☒ ESTIMATED ☐ VERIFIED | CUSTODY STATUS/RELEASE DATE<br>O.R. - |
|---|---|

BOOKING NO.  7250562

## PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

```
CT. 1  459 PC (SECOND DEGREE COMMERCIAL BURGLARY)
CT. 2  470(D) PC (FORGERY)
```

FILED
LOS ANGELES SUPERIOR COURT

JUN 1 1 2002

JOHN A. CLARKE, CLERK
BY K. ARREDONDO, DEPUTY

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

```
CT. 2
```

| CONVICTED BY<br>PLEA | DATE OF CONVICTION/REFERRAL<br>04/30/2002 | COUNT(S) CONTINUED TO P & S FOR DISPOSITION<br>N/A |
|---|---|---|
| PROPOSED PLEA AGREEMENT<br>N/A | | SOURCES OF INFORMATION<br>D.A. PACKET |
| DATE(S) OF OFFENSE<br>4-16-02 | TIME(S)<br>4:30 PM | |

| DEFENDANT: ☒ N/A          ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE _____<br>(SEE PRIOR   ☐ ON PROBATION  ☐ PENDING PROBATION VIOLATION   ☐ PENDING NEW CASE<br>RECORD<br>SECTION)    ☐ ON PAROLE-REMAINING TIME _____ | HOLD/WARRANTS<br>☐ YES ☒ NO |
|---|---|

I certify that this is a true and correct copy of court certified document on file with the California Department of Corrections

**RECOMMENDATION:**

☒ PROBATION          ☐ DENIAL                    ☐ DIAGNOSTIC STUDY    ☐ CYA    ☐ OTHER
                     ☐ COUNTY JAIL              ☐ 707.2 WIC
                     ☐ STATE PRISON             ☐ 1203.03 PC

**PRESENT OFFENSE:**
(CONTINUED)

SOURCES OF INFORMATION (this page)

D.A. PACKET

| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|---|---|
| 04/16/2002 | 4:45 PM | SAME | SAME | SATICOY/TAMPA AVE | LAPD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| | | |

ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:

COUNTS ONE AND TWO:

ON APRIL 16, 2002, AT APPROXIMATELY 4:30 P.M., DEFENDANT ENTERED BANK OF AMERICA LOCATED AT 8720 BALBOA BOULEVARD, NORTHRIDGE, CALIFORNIA. DEFENDANT PRESENTED COUNTERFEIT CHECK NUMBER 4783 MADE OUT TO HIMSELF FOR $1471.92. BANK MANAGER KURIAN CHECKED ON THE ACCOUNTHOLDER'S SIGNATURE, BRIAN SMITH, OWNER OF KIDSVILLE USA. DEFENDANT LEFT THE BANK WITHOUT THE CHECK. HE WAS FOLLOWED BY LOS ANGELES POLICE DEPARTMENT (LAPD) AIR UNIT AND DETAINED. FURTHER INVESTIGATION REVEALED THAT BRIAN SMITH'S ORIGINAL CHECK HAD BEEN STOLEN. THE CHECK WAS IN THE SAME AMOUNT BUT CHANGED TO DEFENDANT'S NAME. BANK MANAGER KURIAN IDENTIFIED DEFENDANT AS THE PERSON WHO ATTEMPTED TO CASH THE FORGED CHECK. DEFENDANT WAS SUBSEQUENTLY ARRESTED AND SO CHARGED.

I certify that this is a true and correct copy of court certified document(s) on file with the California Department of Corrections

_grf_

U.S. Immigration Officer

-2- (ROJO)

| VICTIM: | SOURCES OF INFORMATION (this page) |
|---|---|
| | D.A. PACKET |

| NAME | COUNT(S) |
|---|---|
| BANK OF AMERICA | CTS. 1&2 |

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
NONE

INSURANCE COVERAGE

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK   ☐ YES   ☐ NO |
|---|---|---|---|

VICTIM(S) NOTIFIED PURSUANT TO SECTION 1191.3 (B) P.C.

**VICTIM STATEMENT:**

ON JUNE 3, 2002, THIS OFFICER CONTACTED BANK MANAGER

KURIAN.  HE SAID THE DEFENDANT ATTEMPTED TO CASH THE FORGED CHECK.

DEFENDANT LEFT THE BANK WITHOUT THE CHECK.   THE BANK DID NOT SUFFER

A LOSS.   DEFENDANT SHOULD BE HELD ACCOUNTABLE FOR HIS ACTIONS.

| RESTITUTION | TOTAL NUMBER OF VICTIMS 1 | ESTIMATED LOSS TO ALL VICTIMS NONE | VICTIM(S) NOTIFIED OF P&S HEARING ☒ YES   ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES · ☒ NO | | INSURANCE COMPANY: NAME/ADDRESS/TELEPHONE NO. California Department of Corrections | |

_____ VICTIM LIST CONTINUES NEXT PAGE

-3- (ROJO)

**PRIOR RECORD**

SOURCES OF INFORMATION (this page)
CII (6-3-02), TCIS, DEFENDANT

AKA'S:

JOAQUIN CASTILLO ROJO, JACK ROJO, JOAQUIN ROJO, JACK

JUVENILE HISTORY:

NONE KNOWN

ADULT HISTORY:

12-15-01    BURBANK, PD - CT. 1, 496(A) PC (RECEIVING STOLEN
PROPERTY), CT. 2, 12020(A) PC (POSSESSION/MFG/
SELL DANGEROUS DEADLY WEAPON), CT. 3, 12025(A)(1) PC
(CARRY CONCEALED WEAPON IN VEHICLE),
CT. 4, 12031(A)(1) PC (CARRYING LOADED FIREARM IN
PUBLIC PLACE). 4-10-02, BURBANK MUNI. CRT. CASE NO.
1BU3657, CONVICTED OF CT. 1, 12020(A) PC
(POSSESSION/MFG/SELL DANGEROUS WEAPON) MISD,
CT. 2, 12031(A)(1) PC (CARRY CONCEALED WEAPON IN
VEHICLE), SENTENCED THREE YEARS SUMMARY PROBATION,
30 DAYS JAIL. DEFENDANT TO COMPLETE 60 DAYS OF
CAL-TRANS, JAIL TIME SUSPENDED. DEFENDANT TO PAY
$100 FINE. 6-11-02, PROBATION VIOLATION HEARING,
SAN FERNANDO SUP. CRT. DEPT. NV-I.

2-5-02    LAPD - 470 PC (FORGERY) - 2-7-02 - SAN FERNANDO
MUNI. CRT. CASE NO. 2SF00669, CONVICTED OF SAME,
SENTENCED THREE YEARS SUMMARY PROBATION,
45 DAYS JAIL, 30 DAYS CAL-TRANS IN LIEU OF JAIL,
6-11-02, PENDING COURT HEARING IN CHATSWORTH
MUNI. CRT. DIV. F-41.

I certify this is a true and
correct copy of court certified
. . . now on file with the
California Department of Corrections

**PERSONAL HISTORY:**

| SOURCES OF INFORMATION (this page) |
| --- |
| DEFENDANT |

---

**SUBSTANCE ABUSE:**

—— No record, indication, or admission of alcohol or controlled substance abuse.

—— Occasional social or experimental use of _____ acknowledged.

__X__ See below: Indication / admission of significant substance abuse problem.

  Referred to Narcotic Evaluator  ☐ Yes  ☒ No  ____ Narcotic Evaluator's report attached

---

Additional Information

DEFENDANT SAID THAT HE HAS USED METHAMPHETAMINE OFF-AND-ON FOR 15 YEARS.  HE HAS USED THE SUBSTANCE THREE TO FOUR TIMES A MONTH FOR THE PAST YEAR.  HE HAS NEVER ATTENDED ANY TYPE OF DRUG OR ALCOHOL COUNSELING PROGRAM.

---

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

__X__ No indication or claim of significant physical / mental / emotional health problem.

—— See below:  Indication / claim of significant physical / mental / emotional health problem.

---

Additional Information

I certify that this is a true and correct copy of the document on file with the County Department of Corrections

-5-  (ROJO)

**PERSONAL HISTORY:**
   **(CONTINUED)**

| SOURCES OF INFORMATION (this page) |
| --- |
| DEFENDANT |

| RESIDENCE | TYPE RESIDENCE<br>HOUSE | LENGTH OF OCCUPANCY<br>6 YRS | MORTGAGE/RENT<br>$1393 | RESIDES WITH / RELATIONSHIP<br>WIFE/TWO MINOR CHILDREN |
| --- | --- | --- | --- | --- |
| RESIDENTIAL STABILITY LAST FIVE YEARS<br>STABLE | | CAME TO STATE / FROM<br>5-90<br>PHILIPPINES | | CAME TO COUNTY / FROM<br>SAME |

Additional information

DEFENDANT SAID THAT HE AND HIS NINE SIBLINGS WERE RAISED BY THEIR PARENTS IN THE PHILIPPINES.  DEFENDANT HAS FOUR SIBLINGS THAT ARE RESIDING IN THE UNITED STATES.  DEFENDANT'S MOTHER RESIDES IN ORANGE COUNTY AND DEFENDANT'S FATHER IS DECEASED.

| MARRIAGE / PARENTHOOD | MARITAL STATUS<br>MARRIED | NAME OF SPOUSE / PRESENT COHABITANT<br>SUSAN ROJO |
| --- | --- | --- |
| LENGTH OF UNION<br>4-89 TO PRESENT | NO. OF CHILDREN THIS UNION<br>2 | SUPPORTED BY<br>WIFE |

Additional information

**FORMAL EDUCATION:**
ACCORDING TO THE DEFENDANT, HE COMPLETED THE 12TH GRADE AND RECEIVED HIS HIGH SCHOOL DIPLOMA.  DEFENDANT ALSO COMPLETED FOUR YEARS OF COLLEGE IN THE PHILIPPINES.  HE RECEIVED A BACHELOR OF SCIENCE DEGREE IN BIOLOGY.

**PERSONAL HISTORY:**
**(CONTINUED)**

| SOURCES OF INFORMATION (this page) |
|---|
| DEFENDANT |

| EMPLOYMENT STATUS | ☐ EMPLOYED<br>☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH<br>☐ YES  ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE<br>☒ N/A  ☐ YES  ☐ NO |
|---|---|---|---|
| PRESENT/LAST EMPLOYER/ADDRESS/PHONE<br>LEVLAD LAB<br>CHATSWORTH, CA | OCCUPATION<br>JR CHEMIST | PERIOD OF EMPLOYMENT<br>11-98 TO 7-00 | GROSS MONTHLY WAGE<br>$1600 |
| | EMPLOYMENT STABILITY<br>LAST 5 YEARS<br>FAIR | TYPES OF PREVIOUS EMPLOYMENT-<br>SAME | |
| ☐ VERIFIED   ☐ UNVERIFIED | | | |

Additional information

        DEFENDANT SAID FROM 1992 TO 1997 HE WAS EMPLOYED BY

BANNER PHARMACAPS LOCATED IN CHATSWORTH, CALIFORNIA.  HE WAS A

QUALITY TECHNICIAN.  IN THE YEAR 1996 FOR A PERIOD OF SIX MONTHS HE

WAS EMPLOYED BY THIBIAND LAB LOCATED IN CHATSWORTH, CALIFORNIA.  HE

WAS CHEMIST.

| FINANCIAL STATUS | INCOME STABILITY<br>POOR | NET MONTHLY INCOME<br>NONE | |
|---|---|---|---|
| PRIMARY INCOME SOURCE<br>WIFE | SECONDARY INCOME SOURCE(S) | EST. TOTAL ASSETS<br>SEE BELOW | EST. TOTAL LIABILITIES<br>$158,000 |

MAJOR ASSETS / ESTIMATED VALUE

HOME VALUED AT $200,000
BALANCE OF LOAN $152,000

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

1992 AUTO LOAN $6000, MONTHLY NOTE $200
BALANCE OF HOME LOAN, $152,000

Additional information

I hereby certify that this is a true and correct copy of court ordered documents on file with the California Department of Corrections

| GANG ACTIVITY | ☐ YES   ☒ NO | Name of Gang _____ |
|---|---|---|

-7-  (ROJO)

<u>DEFENDANT'S STATEMENT:</u>

DEFENDANT STATES THAT HE HAD NO JOB.  HE FORGED A CHECK AND WAS ARRESTED.  THE BANK TELLER DID NOT CASH THE CHECK.  HE ENTERED A GUILTY PLEA.  IF CONVICTED OF THE PRESENT MATTER AND GRANTED FORMAL PROBATION, HE WILL COMPLY WITH ALL CONDITIONS.  DEFENDANT'S PLANS FOR THE FUTURE ARE TO SEEK EMPLOYMENT AND SUPPORT HIS FAMILY.

<u>EVALUATION:</u>

THIS DEFENDANT APPEARS TO HAVE KNOWN PRIOR FELONY CONVICTIONS ON HIS CRIMINAL RECORD.  HOWEVER, DEFENDANT HAS TWO PRIOR MISDEMEANOR PROPERTY-RELATED CONVICTIONS ON SAID RECORD. HE HAS HAD THE BENEFIT OF TWO GRANTS OF SUMMARY PROBATION. DEFENDANT IS NOW BEFORE THE COURT AND CHARGED WITH COMMITTING THE INSTANT MATTER.  DEFENDANT ACKNOWLEDGED USING METHAMPHETAMINE FOR 15 YEARS AND APPEARS TO HAVE NEVER ATTENDED ANY TYPE OF DRUG OR ALCOHOL COUNSELING PROGRAM.

THIS DEFENDANT IS CERTAINLY IN NEED OF STRICT SUPERVISION.  HE IS ELIGIBLE FOR A GRANT OF FORMAL PROBATION. THE CONDITIONS OF FORMAL PROBATION SHOULD INCLUDE DEFENDANT SERVE SUITABLE TIME IN LOCAL CUSTODY, ATTEND LONG-TERM DRUG COUNSELING PROGRAM, SUBMIT TO ANTI-NARCOTIC TESTING, AND SUBMIT TO SEARCH AND SEIZURE.

76C692G - Pmb 5A-2 1/92 TRN SYS/06/2000)

1        <u>SENTENCING CONSIDERATIONS:</u>

2        THE DEFENDANT IS ELIGIBLE FOR PROBATION.

3        AGGRAVATING FACTORS:

4            1. THE DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT OR
               ADJUDICATIONS OF COMMISSION OF CRIMES AS A JUVENILE
5              ARE NUMEROUS OR OF INCREASING SERIOUSNESS.

6        MITIGATING FACTORS:

7          NONE.

8
<u>RECOMMENDATION:</u>
9
             IT IS RECOMMENDED THAT PROCEEDINGS BE SUSPENDED AND
10
PROBATION BE GRANTED FOR A PERIOD OF THREE YEARS UNDER THE FOLLOWING

11

12

13

14

15

16

17

18

19

20

21

22

23

-9- (ROJO)

1   ATTACHED TERMS AND CONDITIONS.

2   RESPECTFULLY SUBMITTED,

3   RICHARD SHUMSKY,
    CHIEF PROBATION OFFICER

4

5   BY _____

6     **PAYLIA KITTRELL, DEPUTY**
    **EAST SAN FERNANDO VALLEY AREA OFFICE**

7     **(818)374-2051**

8

  READ AND APPROVED:        I HAVE READ AND CONSIDERED

9                       THE FOREGOING REPORT OF THE
                      PROBATION OFFICER.

10 _____

11   **JOHN SHANAHAN, SDPO**          _____
    **(818) 374-2024**

12                       JUDGE OF THE SUPERIOR COURT

13   RECEIVED: 06/04/2002  P.M.
    STARTED: 06/04/2002 - 12:48 P.M

14   COMPLETED: 06/04/2002 - 1:22 P.M
    PK:RA (6)

15         IF PROBATION IS GRANTED, THE DEFENDANT SHALL REPORT

16   TO THE SAN FERNANDO VALLEY AREA OFFICE LOCATED AT 14414 DELANO

17   STREET, VAN NUYS, CA. 91401.

18

19

20

21

22

23

    -10- (ROJO)

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## OFFICE OF THE IMMIGRATION JUDGE
### EL CENTRO, C A L I F O R N I A

A41-286-030                                     )
                                                )
  **ROJO, Joaquin Castillo**                    )    <u>**IN REMOVAL PROCEEDINGS**</u>
                    *Respondent*                )    *Before Immigration Judge James*
                                                )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the attached Pre-hearing Submission was served on

the following by U.S. regular mail on the 24th of April, 2003:

> Joaquin Castillo Rojo
> C/O Dept. of Homeland Security
> 1115 No. Imperial Ave.
> El Centro, CA  92243

Date: __24 april 2003__

Carlos O. Cantú
Assistant District Counsel
Department of Homeland Security
1115 No. Imperial Ave.
El Centro, CA  92243
(760) 353-2170 x 119
FAX (760) 352-5536

EXHIBIT    6

1

JOAQUIN C. ROJO
2  A# 41 286 030  L-38
EC/SPC
3  1115 N. IMPREIAL AVE.
EL CENTRO California 92243
4
IN Pro se
5

6

7

8  ## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEAL
9  ## 5201 LEESBURG PIKE SUITE 1300
## FALLS CHURCH, VIRGINIA
10

11

12  IN THE MATTER OF            )
                               )
13  JOAQUIN C. ROJO            )      **File no. 41 286 030**
                               )
14  RESPONDENT                 )
                               )      **Respondent Brief**
15  IN REMOVAL PROCEEDING      )
                               )
16  _____)

17

18

19      The respondent in this matter is  JOAQUIN C. ROJO A# 41 286 030 is currently

20  Detained by the Department of Homeland Security and Bureau of Immigration and Custom

21  Enforcement (BICE), located at El Centro Service Processing Center 1115 N. Imperial Ave El

22  Centro, California. 92243

23      On April 30, 2003, Respondent appeared before Honorable Judge Dennis James for Final

24  hearing. The court found the Respondent to removable from the United States.

25

**RESPONDENT BRIEF**

1

**CHARGES :** §237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended in that anytime after admission you have been convicted of an aggravated felony as define in §101(a)(43)(R) of the Act, an offense relating to Commercial Bribery, Counterfeiting, Forgery, or Trafficking in Vehicles the Identifications Numbers of which have been altered, for which the term of imprisonment ordered is at least 1 year.

Respondent does not contend that he suffered a conviction on April 30, 2002 in Superior Court of California County of Los Angeles with a case no. PA041000-01 for the offense of Forgery, in violation of section 470(D) of the California Penal Code.

On Sept. 5, 2002, Respondent was convicted in Municipal Court of California County of Los Angeles with case no. LA041024 for a violation of:

1) H & S 11378 Possession of control substance for sale

To a term of 16 Months to run concurrent with case no. 1BU3657, SF0069 and PA041000-01.

Respondent is not seeking to vacate the judgement of this conviction, to challenge the Penal Code 1016.5 advisement and a violation of his 6th Amendment Right:

Ineffective Assistance of Counsel (1) where counsel failed to investigate or research the Immigration consequence that would flow, (2) Counsel failed to contact Immigration Attorney prior to the advisement of PC 10165 form conviction, (3) counsel did not advise of those consequences, (4) client did not enter the plea knowingly and intelligently. See people v. Soriano (1987) 194 Cal App 3d 1470, 240, Resendiz (2001) 25 Cal 4th 230.

**RESPONDENT BRIEF**

2

1

2  However, Respondent believes that he qualifies for a "National of the United States" status:

3

4  1.A "<u>NATIONAL OF THE UNITED   STATES</u>" is; (A) a citizen of the united states or;

5  (B) <u>person</u> who, though not a citizen of the United States, <u>owes permanent allegiance</u> to the

6  <u>United States</u> as define on section  101(a)(22) of the act, 8 U.S.C. 1101(a)(22)

7          (see exhibit "A" )

8  2. A "person born" outside the United States and its outlying possession "of parents" both of

9      whom are <u>National,</u> but not citizen of the U.S. or one of its outlying possession "prior to

10     birth" of a such <u>person</u> pursuant to § 308 (2) of the act and § 1408 (2) 8 U.S.C. (attached

11     herein  exhibit "B" for your record.)

12

13

14  ## STATEMENT OF THE CASE AND FACTS

15  1. <u>JOAQUIN CASTILLO ROJO</u> (respondent) is my full true and correct name.
    Alien no. <u>41 286 030</u>

16

17  2. I was <u>born</u> on <u>April 27, 1968</u> in Lingayen Pangasinan Philippines as a "(2) a <u>person</u> born

18     outside the United States and its outlying possession "<u>of parents</u>" both whom are

19     national , but not citizen of the United States and have had residence in the United

20     States or one of its outlying possession <u>prior to the birth</u> of such a person" pursuant to

21     §308 (2) of the act, and §1408 (2) 8 U.S.C. a <u>national</u> but not a citizen of the United

       States at birth. (see exhibit "B")

22  3. My <u>father</u> name is <u>ORLANDO S. ROJO</u> (Deceased),He was born on <u>April 4, 1928</u> in
       Sual Pangasinan Philippines.

23  4. My mother name is <u>FELIPA C. ROJO</u>, She was <u>born</u> on <u>May 1, 1926</u> in Lingayen Pangasinan

24     Philippines as a <u>person born</u> on outlying possession of the United States on or after the dates

25     of  the formal acquisition of such possession "pursuant to § 308(1) of
       the act and §1408(1) 8 U.S.C." A <u>national</u> but not a citizen at <u>birth</u>. (see exhibit "C")

**RESPONDENT BRIEF**

3

5. On July 14, 1990 respondent emigrated to the United States through the Port of Entry Los Angeles  California with KARL B. ROJO (Son) as a permanent resident and SUSAN B. ROJO (Wife) as a naturalized citizen of this country. (See exhibit "C")

6. Respondent mother FELIPA C. ROJO  A# 046 015 141, She emigrated to this country on Sept. 12, 1996 as a permanent resident.

7. On or about Aug. 9, 2000  respondent submitted an "application to file petition for Naturalization". (See exhibit "D")

8. On April 30, 2002 in Superior Court of California County of Los Angeles with a case no. PA041000-01 for the offense of Forgery, in violation of section 470(D) of the California Penal Code.

9. On Sept. 5, 2002 respondent was convicted in Municipal Court of California, County of Los Angeles on Case # LA041024 for a violation of:

   1.) H & S 11378 Possession. of control substance for sale

   To a term of 16 months to run concurrent with case # 1BU3657, 2SF0069 and PA041000-01

10. On April 17, 2003 respondent went to Immigration Court for hearing in Calipatria State prison.

11. On April 21, 2003, respondent was released from Calipatria State Prison and was taken in Custody by INS, Transfer to EC/SPC 1115 N. IMPERIL AVE. EL CENTRO, California 92243

12. On April 23, 2003, respondent went for another hearing in INS 1115 N. IMPERIAL AVE. EL  CENTRO California 92243

13. On April 29, 2003, respondent went to court for a bond hearing, but it was denied.

14. On April 30, 2003, respondent was ordered removed from the United States to Philippines by honorable (IJ) Immigration Judge DENNIS R. JAMES

15. On May 5, 2003 respondent filed a timely appeal to the Board of Immigration Appeal.

**RESPONDENT BRIEF**

4

## MEMORANDUM OF POINTS AND AUTHORITIES

Respondent categorically and unequivocally reject claims relating to his deportability, because respondent is not a <u>alien</u> and therefore cannot be removed based on section 1101(a)(3) which defines "ALIENS" any person not a citizen or <u>national</u> of the United States.

Respondent claim that he is a National of the United States- A" <u>National of the United States</u>" is...... (A) a citizen of the United States or (B) a <u>person</u> who though not a citizen of the United States <u>owes permanent allegiance</u> to the United States. (see § 101(a)(22) of the Act,§1101(a)(22) 8 U.S.C.)and thus is not "<u>ALIEN</u>" subject to removal. Only ALIENS are removable see § 237,§ 101(a)(43)of the Act for identifying classes of removable alien.

In a recent decision in BIA re MOISES NAVAS ACOSTA 23 I&N Dec 586 (BIA 2003) ID # 3489 decided April 23, 2003 the court concluded that <u>birth</u> and <u>naturalization</u> are the only means of acquiring United States "<u>Nationality</u>" under the Immigration and Naturalization Act.

The Ninth Circuit in <u>U.S. V SOTELO</u> 109 F3d 1448 the court suggested that a person attains "<u>NATIONAL</u>" status primarily through <u>birth</u>.

See: <u>CABEBE V. ACHESON</u>          183 F.2d 795,797(9th Cir. 1950)
    <u>OLIVER V. U.S</u>          517 F.2d 426,427,428 (2nd Cir 1975 Cert. denied
            423 U.S.1056,47L.Ed 2d 646,96 S. ct 789 (1976)
    <u>CARREON- HERNANDEZ V. LEVI</u>   409 F. Supp 1208,1210(D. MINN) aff'd
           5483  F2d(8th Cir 1976 ) cert. denied 430 U.S. 957(1977)
    <u>YUEN V. I.R.S.</u>   649 F.2d 163,167,168 (2nd cir) cert. denied 454 U.S. 1053
    <u>RABANG V. INS</u>   35 F.3d 1449 ( 9th Cir 1994)

Historically, the term "<u>national</u>" of the United States has referred to a non citizen inhabitant of the United States territories.

**RESPONDENT BRIEF**

5

1   Chapter 1 of the title III of the Act describes persons who become national and citizen of the

2   United States at birth. Section 301-309 of the Act, 8U.S.C. §1401-1409.This chapter includes

3   section 308 which specially describes the category of person who, at birth become non citizen

    national of the United States.
4

5   Chapter 2 entitled Nationality through Naturalization provides a statutory framework for

6   obtaining nationality through naturalization section 310-347 of the Act, 8 U.S.C.§ 1421-1458

7   (2000). The Act provides no other means for a person to become a "National of the United

    States". If Congress had intended nationality to attach some point before the naturalization
8
    process is complete, we believe it would have said so.
9
    (See MOISES NAVAS-ACOSTA 23 I&N DEC 586 (BIA 2003) p587 2nd paragraph(exhibit
10  "G" case decisions)

11

12  Chapter 3 section 349 of the Act, section 1481 8 U.S.C.(2000) that section set's forth grounds

13  on which a "person who is a national of the United States whether by birth or naturalization,

    shall lose his nationality" section 349 (a) of the Act (emphasis added).
14

15              **BACKGROUND:**

16

17  In the Treaty of Paris (see Treaty of Peace between the United States and the Kingdom of

18  Spain Dec 10, 1898 US-Spain article III 30 statute. 1754,1755 Spain ceded the Philippines Island

    to the United States.
19

20  Article IX of the treaty provided that…. That the civil rights and political status of the native

21  inhabitants of the territories hereby ceded to the United States shall be determined by Congress

22  Id 1759.

23
    Pursuant to the Article, the Congress declare inter alia, in the Philippine Government act of July
24  1,1902 that Filipinos born in the islands after Dec. 10, 1898 were to be citizen of the Philippine

25  Island and as such entitled to the protection of the United States (32 Statute 691,692 Compare 39

    Statute 545,546).

                    **RESPONDENT BRIEF**

                            6

1    The Filipinos as <u>national</u> owed an obligation of permanent allegiance to this country.

2     In the <u>Matter of Tuitasi</u> 15 I&N Dec 102 103 (BIA 1974)

The acquisition of nationality for non citizen national is governed by <u>section 308</u> of the Act,

3    rather then by definitional provision at section 101(a)(22)

4

5     Under <u>section 308</u> of the Act as provided: Unless is provided in  section 301 of this Title. The

6    following shall be "<u>National</u>" but not citizen of the United States at <u>birth</u>.

7     (1) a <u>person born</u> in outlying possession of the United States on or after the date of formal

acquisition of such possession.

8     (2) a <u>person born</u> outside the United states and its outlying possession "<u>of parents</u>" both of

9    whom are Nationals; but not citizen of the United States and have <u>residence</u> in the U.S. or one of

10   its outlying possession prior to <u>birth</u> of such person.

11

12    Respondent have attached the legal supporting documents (See exhibit "C") to demonstrate at

his claim that he qualifies for "NATIONAL STATUS" pursuant to the holding in <u>Tuitasi</u> that

13   acquisition of nationality for non citizen national is governed by 308 of the Act.

14

15    IN ORDER FOR A PERSON WHO IS BORN OUTSIDE THE UNITED STATES TO

16   QUALIFY FOR "<u>NATIONAL</u>" STATUS THE PERSON MUST AT <u>MINIMUM</u>

17   DEMONSTRATE:

18        (1) <u>BIRTH</u> IN THE UNITED STATES OR OUTLYING POSSESSION

19        (2) AN <u>APPLICATION</u> FOR UNITED STATES CITIZENSHIP

20        (citing <u>Hughes V. Ashcroft</u> 25  F3d 752   (9th circuit 2001)

21
On <u>Aug. 9, 2000</u>, Respondent submitted an "Application" to file petition for naturalization.

22     (See exhibit "D")

23

24    Respondent had no criminal record during the statutory ten- years period preceding the filing

25   of application for citizenship to demonstrate "good moral character", on Aug. 9, 2000 pursuant

to § 316 (a)(d)(3) of the Act, and 8 U.S.C 1427 (a)(d)(3)

**RESPONDENT BRIEF**

7

1   Respondent has demonstrated his permanent allegiance to this Country, where he has resided

2   for the past 13 years.

3   Respondent has met the minimum requirement to qualify for "NATIONAL" status under the
holding of the "Ninth Circuit" Decision of Hughes.

4   In the Fourth Circuit Decision in U.S. v. MORIN  80 F3d 124,126 (4th Circuit 1996), The

5   Court concluded that "Application for Citizenship" is the most compelling evidence of

6   permanent allegiance to the United States of citizenship itself.

7   See also:  Carreon hernandez 543 F2d at 638

8   This court in conformity of the "Ninth Circuit" ruling takes precedence, to grant the
respondent brief, The Board of Immigration Appeal falls under the jurisdiction of the "Ninth

9   Circuit decision.

10   Under the Supremacy Clause of the United States, this must follow the (Ninth Circuit)

11   holding in Hughes.

12   The Board has authority to grant the respondent brief based upon the moving papers and
evidence submitted herein, for the foregoing reason respondent request this court to grant the

13   respondent brief in the interest of justice.

14   I declare under the penalty of perjury by the law of the United States the above stated facts

15   are true and correct to the best of my knowledge.

16

17   Date of document Executed on July 9, 2003 in EL CENTRO CALIFORNIA

18

19                                                      Respectfully Submitted

20   _____

21                                                      JOAQUIN C. ROJO

22                                                      A# 41 286 030 Pro se

23

24

25

**RESPONDENT BRIEF**

8

1

**U.S. DEPARTMENT OF JUSTICE**
**BOARD OF IMMIGRATION APPEAL**

2

3   IN THE MATTER OF:                    )   Case No.: A#: 41 286 030
                                         )
4   JOAQUIN CASTILLO ROJO                )
                                         )   **DECLARATION OF**
5   (RESPONDENT)                         )
                                         )   FELIPA CASTILLO ROJO
6                                        )
                                         )
7   IN REMOVAL PROCEEDINGS               )
                                         )
8   ─────────────────────────────────── )

9       TO THE ABOVE ENTITLED COURT, AND BUREAU OF IMMIGRATION AND

10  CUSTOMS ENFORCEMENT (BICE), TOM J. RIDGE SECRETARY OF DEPARTMENT OF

11  HOMELAND SECURITY, (DHS) AND THROUGH THEIR REPRESENTATIVE, INS TRIAL

12  ATTORNEYS.

13          PLEASE TAKE NOTICE, that I _FELIPA C. ROJO_ hereby file this affidavit to this

14  court on behalf of my son _JOAQUIN C. ROJO_ (respondent) in support of his brief due to the

15  fact that he qualify as a:

16  1.   NATURAL OF THE UNITED  STATES" is; (A) a citizen of the united states or;

17       (B) person who, though not a citizen of the United States owes permanent allegiance to

18       the United States as define on section  101(a)(22) of the act, 8 U.S.C. 1101(a)(22)

19       (attached herein exhibit "A" for your records)

20

21  2.   A "person born" outside the United States and its outlying possession "of parent" both

22       whom are National, but not citizen of the U.S. or one of its outlying possession "prior to

23       birth" of a such person pursuant to § 308 (2) of the act and § 1408 (2) 8 U.S.C. (attached

24       herein  exhibit "B" for your record.)

25

1

# DECLARATION

I, *FELIPA C. ROJO* HEREBY DECLARE AND STATE THE FOLLOWING THAT:

1. I was born on *May 1, 1926* in *LINGAYEN PANGASINAN PHILIPPINES* as a "(1) a person born on an outlying possession of the United States on or after the dates of formal acquisition of such possession" pursuant to §308(1) of the act, §1408 (1)U.S.C. 8 U.S., **National** but not citizen of the united states at birth.

2. I am the Mother of *JOAQUIN C. ROJO* (respondent) and his father *ORLANDO S. ROJO* (deceased)

3. And he was born on *APRIL 27, 1968* in, *LINGAYEN PANGASINAN PHILIPPINES* as a "(2) a person born outside the united states and its outlying possession of parents both whom are nationals, but not citizens, of the United States, and have had residence in the United States, or one of its outlying possessions prior to birth of such a person: "pursuant to §308 (2) of the act, §1408 (2) 8 U.S.C. A national but not a citizen of the United States at birth.

4. I hereby submit copies of the supporting legal document, on behalf of my son *JOAQUIN C. ROJO* (respondent) in support of his brief. ( see exhibit "C" Certificates)

   a)  Birth Certificate of *FELIPA CASTILLO ROJO*

   b)  Birth certificate of *JOAQUIN CASTILLO ROJO*

5. And if upon request of the immigration court and all the parties involve, I can provide and present the "original" if necessary.

6. And I further state, if called by the Immigration as a witness to testify on behalf of my son *JOAQUIN C. ROJO* (respondent), I will do so.

2

I declare under the penalty of perjury by the laws of the United States that the above mention facts are true to the best of knowledge.

Date: 6/27/03

Respectfully submitted

_Felipa C. Rojo_
FELIPA C. ROJO

State of California        }
                           } ss.
County of San Diego        }

SUBSCRIBED AND SWORN TO
BEFORE ME ON 6/27/03

ALBERT D. LOPEZ
Notary Public

ALBERT D. LOPEZ
Commission # 1355156
Notary Public - California
San Diego County
My Comm. Expires Aug 13, 2006

3

## PROOF OF SERVICE BY MAIL
## BY PERSON IN U.S. INS CUSTODY
### (Fed. R. Civ. P. 5; U.S.C. § 1746)

I, JOAQUIN C. ROJO   A# 41 286 030, declare:
I am 18 years of age and a party to this action. I am a resident of <u>INS SERVICE PROCESSING CENTER</u>, in the County of <u>IMPERIAL</u>, State of California. My address is:<u>1115 N. IMPERIAL AVE. EL CENTRO CALIFORNIA 92243</u>
On <u>July 9, 2003</u> , I serve the attached, <u>RESPONDENT BRIEF, MEMORANDUM OF POINTS AND AUTHORITIES,DECLARATIONS, AFFIDAVITS SUPPORTING DOCUMENTS,AND EXHIBITS</u> on the parties by placing true and correct copies Thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States mail in deposit box so provided at the above-named facility in which I am presently detained. I sent the attached to the following addresses:


U.S. DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEAL
**CLERK'S OFFICE**
P.O. BOX 8530
FALLS CHURCH, VA 22041


U. S. DEPARTMENT OF JUSTICE
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
**INS TRIAL ATTORNEY UNIT**
1115 N. IMPERIAL AVE.
EL CENTRO, CALIFORNIA 92243


I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on <u>July 9, 2003</u> at El Centro, California 92243


JOAQUIN C. ROJO
Pro se

# TABLE OF EXHIBITS

EXHIBIT A- DEFINITION OF NATIONAL,ALIEN

EXHIBIT B- SECTION 308 OF THE ACT

EXHIBIT C- "CERTIFICATES"- SUPPORTING DOCUMENTS

EXHIBIT D- COPY OF "APPLICATION FOR NATURALIZATION
(N-400)

EXHIBIT E- CLASSES OF REMOVAL ALIENS:
SECTION 101, 237 OF THE ACT

EXHIBIT F-        "CASES DECISION"

   1. in re Moises NAVAS ACOSTA
     23 I&N Dec 586 (BIA  2003)
     Interim decision #3489

   2. in the Matter of Tuitasi
     15 I&N Dec102,103 (BIA 1974)
     Interim Decision # 2321

   3. Hughes vs. Ashcroft
     255 F.3d 752 (9th Cir.2001)

   4. U.S. vs. Sotelo
     109 F.3d 1446,1448 (9th Cir. 1997)

   5. U.S vs. Morin
     80 F.3d 124 (4th Cir. 1996)

   6. Carreon - Hernandez vs. Levi
     543 F.2d 637 (8th Cir. 1976)

EXHIBIT ___7___

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A41 286 030 - El Centro                    Date:

                                                    JUL 2 8 2003

In re:   JOAQUIN CASTILLO ROJO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF DHS:   Debra Robinson, Assistant District Counsel

ORDER:

PER CURIAM. We affirm the decision of the Immigration Judge. *See Matter of Burbano*,
20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an
Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon
review of the record coincide with those which the Immigration Judge articulated in his or her
decision"). We agree with the conclusions of the Immigration Judge regarding the respondent's
removability and ineligibility for relief from removal. We observe that the respondent is a lawful
permanent resident of this country who was found removable as an aggravated felon. We find that
the respondent has not established a claim to United States citizenship. To the extent that the
respondent suggests that his removal proceedings were unfair, we find that he has not demonstrated
any deficiency in the Immigration Judge's conduct of his removal proceedings, with respect to his
right to counsel or otherwise. Moreover, the respondent has not demonstrated any resultant prejudice
such as would constitute a due process violation, particularly in view of his failure to establish
eligibility for any removal relief. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469-70 (9th Cir. 1986);
*Nicholas v. INS*, 590 F.2d 802, 809-10 (9th Cir. 1979); *Martin-Mendoza v. INS*, 499 F.2d 918, 922
(9th Cir. 1974), *cert. denied*, 419 U.S. 1113 (1975). Finally, to the extent that the respondent
suggests that he received ineffective assistance of counsel, he has not complied with the
requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988).
We note that the respondent has been pro se, both during this appeal and at his removal hearings.
Accordingly, the appeal is dismissed.

_____

FOR THE BOARD

EXHIBIT _____ 8



**U.S. Department of Justice**
Immigration and Naturalization Service

OMB No. 1115-0145
**Application for Naturalization**

## START HERE - Please Type or Print

FOR INS USE ONLY

## Part 1. Information about you.

| | | |
|---|---|---|
| Family Name ROJO | Given Name JOAQUIN | Middle Initial CASTILLO |

U.S. Mailing Address - Care of:

| | |
|---|---|
| Street Number and Name 20549 Wyandotte Street | Apt. # |
| City Canoga Park | County Los Angeles |
| State California | Zip Code 91306 |
| Date of Birth (month/day/year) 04/27/1968 | Country of Birth Philippines |
| Social Security # 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 | A # A41-266 030 |

Returned

Resubmitted

Reloc Sent

Reloc Rec'd

WSC*000516472

Applicant Interviewed JAN 29 2001

At Interview

Request naturalization ceremony at court

## Part 2. Basis for Eligibility (check one).

a. [X] I have been a permanent resident for at least five (5) years.
b. [ ] I have been a permanent resident for at least three (3) years and have been married to a United States Citizen for those three years.
c. [ ] I am a permanent resident child of United States citizen parent(s).
d. [ ] I am applying on the basis of qualifying military service in the Armed Forces of the U.S. and have attached completed forms N-426 and G-325B.
e. [ ] Other. (Please specify section of law) _____

## Part 3. Additional Information about you.

Remarks

| | |
|---|---|
| Date you became a permanent resident (month/day/year) 07/14/1980 | Port admitted with an immigrant visa or INS Office where granted adjustment of status. Los Angeles, CA |

Citizenship Filipino   PHILIPPINES

Name on alien registration card (if different than in Part 1)
Same

Other names used since you became a permanent resident (including maiden name)
None

| Sex [X] Male [ ] Female | Height 5'6" | Marital Status [ ] Single [X] Married | [ ] Divorced [ ] Widowed |
|---|---|---|---|

Can you speak, read and write English?   [ ] No [X] Yes.

**Absences from the U.S.**

Have you been absent from the U.S. since becoming a permanent resident?   [ ] No [X] Yes

If you answered "Yes", complete the following. Begin with your most recent absence. If you need more room to explain the reason for an absence or to list more trips, continue on separate paper.

| Date left U.S. | Date returned | Did absence last 6 months or more? | Destination | Reason for trip |
|---|---|---|---|---|
| 12/22/1996 | 01/08/1997 | [ ] Yes [X] No | Philippines | vacation |
| | | [ ] Yes [ ] No | | |
| | | [ ] Yes [ ] No | | |
| | | [ ] Yes [ ] No | | |
| | | [ ] Yes [ ] No | | |
| | | [ ] Yes [ ] No | | |

To be completed by Attorney or Representative, if any
[ ] Fill in box if G-28 is attached to represent the applicant

VOLAG# LOS000011

ATTY State License # CA #079580

Form N-400 (Rev. 07/17/91)N          *Continued on back.*

## Part 4. Information about your residences and employment.

**A.** List your addresses during the last five (5) years or since you became a permanent resident, whichever is less. Begin with your current address. If you need more space, continue on separate paper.

| Street Number and Name, City, State, Country, and Zip Code | Dates (month/day/year) | |
| --- | --- | --- |
| | From | To |
| 20549 Wyandotte St., Canoga Park, CA 91306 | 05/12/1996 | present |
| 6335 De Soto Ave., Canoga Park, CA 91303 | 04/06/1995 | 05/11/1996 |
| 7316 Milwood Ave., #5, Canoga Park, CA 91303 | 05/14/1994 | 04/05/1995 |

**B.** List your employers during the last five (5) years. List your present or most recent employer first. If none, write "None". If you need more space, continue on separate paper.

| Employer's Name | Employer's Address Street Number and Name, City, State, Country, Zip Code | Dates Employed (month/day/year) | | Occupation/position |
| --- | --- | --- | --- | --- |
| | | From | To | |
| Leviad, Inc. | 9200 Mason Ave., Chatsworth, CA 91311 | 11/17/1998 | present | Lab Technician |
| Thisant International | 20320 Prairie St., Chatsworth, CA 91311 | 11/1997 | 5/1998 | Quality Control Tech. |
| Benner Pharmacaps | 20730 Dearborn St., Chatsworth, CA 91311 | 09/07/1992 | 05/14/1997 | Quality Assurance Tech. |

## Part 5. Information about your marital history.

**A.** Total number of times you have been married ____. If you are now married, complete the following regarding your husband or wife.

| Family name | ROJO | Given name | Susan | Middle initial | B. |
| --- | --- | --- | --- | --- | --- |

| Address | 20549 Wyandotte Streeat | | Canoga Park, CA 91306 |
| --- | --- | --- | --- |

| Date of birth (month/day/year) | 12/26/1966 | Country of birth Philippines | Citizenship U.S. |
| --- | --- | --- | --- |
| Social Security# | 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 | A# (if applicable) | Immigration Status (if not U.S. citizen) |

| Naturalization (if applicable) (month/day/year) | 11/17/1978 | Place (City, State) | Agana, Guam |
| --- | --- | --- | --- |

If you have ever previously been married or if your current spouse has been previously married, please provide the following on separate paper: Name of prior spouse, date of marriage, date marriage ended, how marriage ended, and immigration status of prior spouse.

## Part 6. Information about your children.

**B.** Total number of Children ____. Complete the following for each of your children. If the child lives with you, state "with me" in the address column; otherwise give the city/state/country of the child's current residence. If deceased, write "deceased" in the address column. If you need more space, continue on separate paper.

| Full name of child | Date of birth | Country of birth | Citizenship | A - Number | Address |
| --- | --- | --- | --- | --- | --- |
| Karl Stephen B. Rojo | 08/12/1989 | Philippines | Filipino | A41 266 031 | with me |
| Kevin Beau B. Rojo | 03/08/1994 | U.S.A. | U.S. | | with me |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Form N-400 (Rev. 07/17/91)N

*Continued on next page*



*Continued on back*

## Part 7.  Additional eligibility factors.

*Please answer each of the following questions. If your answer is "Yes", explain on a separate paper.*

1. Are you now or have you ever been a member of, or in any way connected or associated with the Communist Party, or ever knowingly aided or supported the communist party directly, or indirectly through another organization, group or person, or ever advocated, taught, believed in, or knowingly supported or furthered the interests of communism?  ☐ Yes  ☒ No

2. During the period March 23, 1933 to May 8, 1945, did you serve in, or were you in any way affiliated with, either directly or indirectly, any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, citizen unit of the Nazi party or SS, government agency or office, extermination camp, concentration camp, prisoner of war camp, prison. labor camp, detention camp or transit camp, under the control or affiliated with:

   a. The Nazi Government of Germany?  ☐ Yes  ☒ No
   b. Any government in any area occupied by, allied with, or established with the assistance or cooperation of, the Nazi Government of Germany?  ☐ Yes  ☒ No

3. Have you at any time, anywhere, ever ordered, incited, assisted, or otherwise participated in the persecution of any person because of race, religion, national origin, or political opinion?  ☐ Yes  ☒ No

4. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces  ☐ Yes  ☒ No

5. Have you ever failed to comply with Selective Service laws?  ☐ Yes  ☒ No
   If you have registered under Selective Service laws, complete the following information:
   Selective Service Number: _____ Date Registered: _____
   If you registered before 1978, also provide the following:
   Local Board Number: _____ Classification: _____

6. Did you ever apply for exemption from military service because of alienage, conscientious objections, or other reasons?  ☐ Yes  ☒ No

7. Have you ever deserted from the military, air or naval forces of the United States?  ☐ Yes  ☒ No

8. Since becoming a permanent resident, have you ever failed to file a federal income tax return?  ☐ Yes  ☒ No

9. Since becoming a permanent resident, have you filed an income tax return as a nonresident or failed to file a federal return because you considered yourself to be a nonresident?  ☐ Yes  ☒ No

10. Are deportation proceedings pending against you, or have you ever been deported, or ordered deported, or have you ever applied for suspension of deportation?  ☐ Yes  ☒ No

11. Have you ever claimed in writing, or in any way, to be a United States citizen?  ☐ Yes  ☒ No

12. Have you ever:
    a. been a habitual drunkard?  ☐ Yes  ☒ No
    b. advocated or practiced polygamy?  ☐ Yes  ☒ No
    c. been a prostitute or procured anyone for prostitution?  ☐ Yes  ☒ No
    d. knowingly and for gain helped any alien to enter the U.S. illegally?  ☐ Yes  ☒ No
    e. been an illicit trafficker in narcotic drugs or marijuana?  ☐ Yes  ☒ No
    f. received income from illegal gambling?  ☐ Yes  ☒ No
    g. given false testimony for the purpose of obtaining any immigration benefit?  ☐ Yes  ☒ No

13. Have you ever been declared legally incompetent or have you ever been confined as a patient in a mental institution?  ☐ Yes  ☒ No

14. Were you born with, or have you acquired in some way, any title or order of nobility in any foreign State?  ☐ Yes  ☒ No

15. Have you ever:
    a. knowingly committed any crime for which you have not been arrested?  ☐ Yes  ☒ No
    b. been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance excluding traffic regulations?  ☐ Yes  ☒ No

(If you answer yes to 15, in your explanation give the following information for each incident or occurrence: the city, state, and country, where the offense took place, the date and nature of the offense, and the outcome or disposition of the case).

## Part 8.  Allegiance to the U.S.

*If your answer to any of the following questions is "NO", attach a full explanation:*

1. Do you believe in the Constitution and form of government of the U.S.?  ☒ Yes  ☐ No
2. Are you willing to take the full Oath of Allegiance to the U.S. (see instructions)  ☒ Yes  ☐ No
3. If the law requires it, are you willing to bear arms on behalf of the U.S.?  ☒ Yes  ☐ No
4. If the law requires it, are you willing to perform noncombatant services in the Armed Forces of the U.S.?  ☒ Yes  ☐ No
5. If the law requires it, are you willing to perform work of national importance under civilian direction?  ☒ Yes  ☐ No

Form N-400 (Rev. 07/17/91)N

*Continued on back*

## Part 9. Memberships and Organizations

A.   List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place. Include any military service in this part. If none, write "none". Include the name of organization, location, dates of membership and nature of the organization. If additional space is needed, use separate paper.

None.

## Part 10.  Complete only if you checked block " C " in Part 2.

How many of your parents are U.S. citizens?  ☐ One  ☐ Both  (Give the following about one U.S. citizen parent)

| Family Name | Given Name | Middle Initial |
|---|---|---|
| Address | | |

Basis of citizenship:
☐ Birth
☐ Naturalization Cert. No.

Relationship to you (check one'):  ☐ natural parent  ☐ adoptive parent
☐ parent of child legitimated after birth

If adopted or legitimated after birth, give date of adoption, or, legitimation: (month/day/year) _____

Does this parent have legal custody of you?  ☐ Yes  ☐ No

*(Attach a copy of relating evidence to establish that you are the child of the U.S. citizen and evidence of this parent's citizenship.)*

## Part 11.  Signature  (Read the information on the penalties in the instructions before completing this section).

I certify, or, if outside the United States, I swear or affirm, under penalty of perjury under the laws of the United States of America that this application, and the evidence submitted with it, is all true and correct. I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Signature                                                   Date

Please Note: If you do not completely fill out this form, of fail to submit the required documents listed in the instructions, you may not be found eligible for naturalization and this application may be denied.

## Part 12.  Signature of person preparing form if other than above. *(Sign below)*

I declare that I prepared this applic. "on at the request of the above person and it is based on all information of which I have knowledge.

Signature                          Print your Name                      Date

Firm Name
and Address

---

### DO NOT COMPLETE THE FOLLOWING UNTIL INSTRUCTED TO DO SO AT THE INTERVIEW

I swear that I know the contents of this application, and supplemental pages, ( through —·—— , and that the corrections, numbered 1 through ___ , were made at my request and that this amended application, is true to the best of my knowledge and belief.

JAN 2 9 2001

(Complete and true signature of applicant)

Subscribed and sworn to before me by the applicant

JAN 2 9 2001

(Examiner's Signature)        Date

A. De Aro

Form N-400 (Rev. 07/17/92)N

U. S. Department of Justice

Immigration and Naturalization Service

# N-400 Adjudication Processing Worksheet

A# ___ 041 286 030

| INTERVIEW | Initials | Date | Remarks |
|---|---|---|---|
| Appeared for interview | AD | JAN 29 200 | No show on _____ _____<br>(Date)   (Initials and Current Date) |
| A-file present at time of initial interview | AD | JAN 29 200 | |

| OFFICER | Initials | Date | Remarks   (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| Met § 312 requirements at initial interview | WL-829- AD | JAN 29 | (55/15) (50/20) (65/20) |
| Appeared for Re-Exam | | | No show on: 05/22/01   X05/23/01<br>(Date)   (Initials and Current Date) |
| Met § 312 requirements at Re-Exam | | | |
| If applicable, met § 312(b) disability exceptions | | | |
| Established physical presence/residence | AD | JAN 29 200 | JAN 29 20<br>CDL A7820790 4-00 AD |
| Established good moral character | AD | JAN 29 200 | (See Sworn Statement) (Criminal Record in File) |
| Established attachment to Constitution<br>(If modified oath, circle notation in remarks) | AD | JAN 29 200 | (Religious Objection) |
| Met other eligibility requirements<br>(put reason(s) in remarks) | | | (See Sworn Statement) |
| Recommendation, if supervisory review required<br>☐ (CRIMINAL) and/or            1ST<br>☐ (T-FILE) and/or<br>☐ (DISABILITY)        If necessary, enter 2ND | | | CIRCLE RECOMMENDATION:<br>(GRANT)      (DENY)      (WITHDRAW)<br><br>CIRCLE RECOMMENDATION:<br>(GRANT)      (DENY)      (WITHDRAW) |

| SUPERVISORY CONCURRENCE WITH<br>OFFICER'S RECOMMENDATION | Initials | Date | Remarks      (Indicate non-concurrence issue(s) within remarks) |
|---|---|---|---|
| | | | |
| | | | |

| OFFICER | Initials | Date | Remarks      (Circle decision) |
|---|---|---|---|
| Indicate decision under remarks | AR | OCT 23 30 | (GRANTED)      (DENIED)      (WITHDRAWN) |

Reverified_____ _____/_____

Reverifier's Signature                              Date

Form N-650B (Rev. 11/1/98)

U. S. Department of Justice

Immigration and Naturalization Service

# N-400 Clerical Processing Worksheet

A# 041-286-030

| CLERICAL | Initials | Date | Remarks |
|---|---|---|---|
| FD-258 "Masthead" is complete, accurate, and legible  (Overseas-Initially Prepared FD-258s) | | | |

| COMPLETE FOR ALL FILES | Initials | Date | Remarks   (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| FD-258 Control # : RO 34 03 N<br><br>Process Date: 11-29-00 | CA<br>0425 | 12-26-00 | (Waived)<br><br>(Rap Sheet Interfiled)<br><br>(FTA/RFE-Not Received) |
| FD-258  Control # : _____<br><br>Process Date: _____ | | | (2nd Unclassifiable)<br><br>(Rap Sheet Interfiled)<br><br>(FTA/RFE-Not Received) |

| MANUAL REQUESTS/RAFACS REQUESTS | Initials | Date | Remarks   (Only circle standard annotations when and if applicable) |
|---|---|---|---|
| Initial search request was made (RAFACS) | | | |
| If necessary, 2nd search request was made (RAFACS - 30 calendar days) | | | |
| If necessary, 3rd search request was made (RAFACS - 30 calendar days) | | | |
| Manual search request initiated (circle one) | | | (New Added)<br><br>(No Record Found) |
| Final Status of A-file (circle one) | | | (Received)<br><br>(Not Received)<br><br>(New Added)<br><br>(Not Found) |

| A-FILE PROCESSING | Initials | Date | Remarks |
|---|---|---|---|
| A-file relates to applicant | CA0425 | 10-17-00 | |

| T-FILE PROCESSING | Initials | Date | Remarks |
|---|---|---|---|
| CIS documentation of lawful status and requisite file transfer requests is in T-file (9101 and 9504 CIS screen prints) | | | |

Form N-650A (Rev.10/1/98)

1     UNITED STATES DISTRICT COURT

2     SOUTHERN DISTRICT OF CALIFORNIA

3    JOAQUIN CASTILLO ROJO,              )    CIVIL NO. 03CV2145-JM(LSP)
                                         )
4              Plaintiff,                )    CERTIFICATE OF SERVICE
                                         )    BY MAIL
5                                        )
               v.                        )
6                                        )
     JOHN ASHCROFT, et al.,              )
7                                        )
                                         )
8              Defendant.                )
     _____)
9    STATE OF CALIFORNIA                 )
                                         )    SS.
10   COUNTY OF SAN DIEGO                 )

11              IT IS HEREBY CERTIFIED that:

12        I, Eileen Williams, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California;
13   my business address is Office of the U.S. Attorney, Federal Office Building, 880 Front Street, Room 6293, San Diego, California 92101-
14   8893; I am not a party to the above-entitled action; and

15        On December 8, 2003, I deposited in the United States mail at San Diego, California, in the above-entitled action, in an envelope
16   bearing the requisite postage, a copy of:

17              **GOVERNMENT'S RETURN**

18   addressed to:
                    JOAQUIN CASTILLO ROJO
19                  A #41-286-030, L-26
                    1115 N. IMPERIAL AVENUE
20                  EL CENTRO, CA 92243

21   the last known address at which place there is delivery service of mail from the United States Postal Service.

22        I declare under penalty of perjury that the foregoing is true and
23   correct.

24        Executed in San Diego, California on December 8, 2003.

25
                              _Eileen Williams_
26                            EILEEN WILLIAMS

27

28