








TKL   4/13/04   12:38
3:03-CV-02145   ROJO V. ASHCROFT
*9*
*O.*

FILED

04 APR 13 AM 9:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOAQUIN CASTILLO ROJO, | CASE NO. 03 CV 2145 JM (LSP) |
|---|---|
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| vs. | |
| JOHN ASHCROFT, et al., | |
| Respondents. | |

Petitioner Joaquin Castillo Rojo, proceeding pro se, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS"). For the reasons outlined below, Petitioner's petition is denied.

I. **Background**

Petitioner was born in the Philippines. He became a lawful permanent resident ("LPR") of the United States on July 14, 1990. Petitioner applied to become a United States citizen and was examined on January 29, 2001. A re-examination regarding his knowledge of United States history and government was scheduled for May 22, 2001, but Petitioner failed to appear at that time. On October 23, 2001, the Immigration and Naturalization Service ("INS") denied his application for citizenship.

In April of 2003, Petitioner was convicted in the Superior Court of Los Angeles County of forgery in violation of California Penal Code § 470(D) and received sixteen months in state prison. The DHS issued Petitioner a Notice to Appear on April 3, 2003, charging him with being subject to removal on the ground that he was convicted of an aggravated felony. On April 30, 2003, a removal



- 1 -

03cv2145

hearing was held. The Immigration Judge ("IJ") found that Petitioner was convicted of an aggravated felony and found that Petitioner did not qualify for any form of relief. See 8 U.S.C. § 1101(a)(43)(R) (defining forgery as an aggravated felony). Therefore, the IJ ordered Petitioner removed. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), arguing that he is a United States national and that he was denied due process. On July 30, 2003, the BIA issued an order affirming the IJ's decision and rejecting both Petitioner's allegations. On October 30, 2003, Petitioner filed a petition for a writ of habeas corpus in this court.

**II.   Discussion**

Petitioner challenges his custody on three grounds: (1) the DHS lacks authority to detain and remove him because he is a United States national, (2) the INS improperly denied his application for citizenship in 2001, and (3) the INS violated his due process rights when they denied his application for citizenship. Respondents argue this court does not have jurisdiction to consider these claims.

**A.   Nationality**

Petitioner argues the DHS lacks authority to detain and remove him because he is a United States national. Petitioner has been ordered removed pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), which authorizes the removal of "[a]ny alien who is convicted of an aggravated felony at any time after admission." Id. Petitioner contends he is not an alien and therefore cannot be removed under this section. Respondents argue this court lacks jurisdiction to adjudicate Petitioner's claim to nationality.

A claim to United States nationality that was rejected by the BIA during the course of removal proceedings must be challenged on direct review in the court of appeals pursuant to INA section 242(b)(5), 8 U.S.C. § 1252(b)(5). Taniguchi v. Schultz, 303 F.3d 950, 956 (9th Cir. 2002) (describing INA section 242(b)(5) as "the exclusive means of determining U.S. citizenship for aliens in removal proceedings"); Chau v. INS, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001) (noting "once removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States"). This requirement applies equally to aliens removed under the aggravated felony provision of the INA. Hughes v. Ashcroft, 255 F.3d 752, 755 (9th Cir. 2001) (citing Scales v. INS, 232 F.3d 1159, 1161 (9th Cir. 2000)) (holding although court of appeals lacks jurisdiction to a review final order

of removal of an alien convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(c), court of appeals has jurisdiction to review whether that individual is "an alien").

Therefore, Petitioner's claim to nationality should have been brought before the Ninth Circuit Court of Appeals. Because direct review of Petitioner's claim was available before the Ninth Circuit, habeas corpus relief on this issue is foreclosed. Flores-Miramontes v. INS, 212 F.3d 1133, 1143 (9th Cir. 2000) (holding district court does not have jurisdiction in habeas if the claim could have been brought in the court of appeals on direct review); Taniguchi, 303 F.3d at 956 (9th Cir. 2002) (dismissing habeas petition for lack of jurisdiction because direct review was previously available despite the fact that direct review was foreclosed at the time of dismissal due to failure to file a timely petition).[1]

**B.     Citizenship Application**

Second, Petitioner asserts that the INS wrongfully denied his citizenship application in October of 2001. Petitioner requests that this court conduct a de novo review of his application pursuant to INA section 336, 8 U.S.C. § 1447(b), and INA section 310, 8 U.S.C. § 1421(c).

Respondents contend this court cannot exercise jurisdiction over this second claim because Petitioner is again seeking adjudication of his nationality status while in removal proceedings. Respondents maintain Petitioner's only avenue of review is in the court of appeals under INA section 242(b)(5). Petitioner insists this court cannot be deprived of jurisdiction under INA section 336 or section 310 simply by virtue of the DHS instituting removal proceedings. Petitioner asserts INA section 242(b)(5) is inapplicable to his claim because he seeks adjudication of an application that was denied outside the context of removal proceedings.

It is unnecessary to decide the effect of removal proceedings on an action under section 336 or section 310. Regardless of Petitioner's status within a removal proceeding, this court lacks

---

[1] This court may transfer a habeas petition to the court of appeals to cure a jurisdictional defect. 28 U.S.C. § 1631. Transfer is authorized, however, only if it is "in the interest of justice" and the transferee court is one "in which the action or appeal could have been brought at the time it was filed or noticed." Id. In this case, the court of appeals would not have had jurisdiction over Petitioner's claim to nationality at the time it was filed because Petitioner's petition was untimely. Baeta v. INS, 273 F.3d 1261, 1264 (9th Cir. 2001) (noting transfer is precluded by an untimely filed petition). The BIA issued its decision on July 30, 2003 and Petitioner filed the instant petition on October 28, 2003. An alien has thirty days to file an appeal of the BIA's decision to the court of appeals. 8 U.S.C. § 1252(b)(1). Petitioner's petition was filed ninety days later. Because his claims are untimely, this court cannot transfer Petitioner's nationality claim to the Ninth Circuit pursuant to 28 U.S.C. § 1631.

1 | jurisdiction under both section 336 and section 310, according to the independent requirements of
2 | those statutes.

3 |      INA section 336 provides that if the INS fails to make a determination on an application for
4 | citizenship within 120 days following the date on which the examination is conducted, the applicant
5 | is authorized to bring an action in district court. 8 U.S.C. § 1447(b). The court shall "either determine
6 | the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."
7 | Id. Petitioner claims the INS did not render a decision on his application within the 120-day period.
8 | Regardless of whether the INS's decision exceeded the 120-day mark, the INS rendered a decision
9 | almost two years before Petitioner brought this challenge. Section 336 does not give Petitioner the
10 | right to bring suit after the INS has decided the validity of the citizenship application, even if that
11 | decision was belated. This court does have jurisdiction under section 336 to determine the merit of
12 | his application a second time or to remand the issue to the INS to decide it a second time. See United
13 | States v. Hovsepian, Nos. 99-50041, 99-56922, 00-55320, 01-55247 (9th Cir. March 2, 2004) (holding
14 | district court has exclusive jurisdiction over a citizenship application if the applicant brings an action
15 | under section 336 after the 120 days have expired and before the INS has ruled); Sze v. INS, 153 F.3d
16 | 1005 (9th Cir. 1998), *overruled on other grounds* United States v. Hovsepian, Nos. 99-50041, 99-
17 | 56922, 00-55320, 01-55247 (9th Cir. March 2, 2004) (refusing to issue declaratory judgment or order
18 | the INS to act under section 336 because the INS had already issued a decision on the citizenship
19 | application).

20 |      Similarly, INA section 310 does not confer jurisdiction upon this court. Section 310 authorizes
21 | any "person whose application for naturalization under this title is denied, after a hearing before an
22 | immigration officer under section 336(a)" to seek a de novo review of the denial before a district court
23 | in accordance with the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* 8 U.S.C. § 1421(c).
24 | In order to bring a challenge in the district court under section 310, a petitioner must exhaust his
25 | administrative remedies. Id.; 8 C.F.R. § 336.9; Puciaty v. United States Dept. of Justice, 125 F. Supp.
26 | 2d 1035, 1038 (D. Haw. 2000). In this case, Petitioner has failed to demonstrate that he requested a
27 | hearing before an immigration officer. After failing to take action on his denied application for three
28 | years, Petitioner cannot raise this issue now in the context of a habeas corpus petition. See Adams v.
    U.S. ex rel. McCain, 317 U.S. 269, 274 (1942) ("Mere convenience cannot justify use of the writ [of

1 | habeas corpus] as a substitute for an appeal.").

2 | **C.   Due Process**

3 | Finally, Petitioner alleges that the INS violated his Fifth Amendment right to due process. Petitioner maintains that the INS consciously maintained a "policy and practice" of denying citizenship requests arbitrarily and without notice of the applicant's deficiencies or of the basis for denial.

Petitioner's due process argument is without merit. The evidence before this court reveals that Petitioner's application was denied based on his failure to attend a scheduled re-examination regarding his knowledge of United States history and government. Petitioner has submitted to the court the letters he received from the INS outlining the reason his application was denied and the procedures available to him for appealing that decision. There is no evidence before this court that the INS's denial of Petitioner's application was arbitrary, without notice, or in violation of due process. Petitioner has not shown that he was denied due process or that he is being held in violation of the Constitution. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (finding no jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"); Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992) (holding mere allegation that an official acted arbitrary and capriciously, without any factual basis, does not establish a colorable constitutional claim for a substantive due process violation).

**III.   Conclusion**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**.

**IT IS SO ORDERED.**

DATED: __4/12__, 2004

_____
JEFFREY T. MILLER
United States District Judge

cc:   all parties