USDC SCAN INDEX SHEET










```
TKL    2/22/05    14:47
3:03-CV-02145    ROJO V. ASHCROFT
*10*
*O.*
```

FILED
05 FEB 22 PM 12: 32
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DAVID TAX-ELLU,<br><br>                    Petitioner,<br>vs.<br>ADELE FASANO, District Director,<br>IMMIGRATION AND NATURALIZATION<br>SERVICE,<br><br>                    Respondent. | CASE NO. 04 CV 2171 JM (LSP)<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS |

On October 28, 2004, Petitioner Jose David Tax-Ellu filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In that petition, Tax-Ellu challenged his impending removal by the Department of Homeland Security ("DHS"). In November of 2004, this court issued a briefing schedule and denied Tax-Ellu's request for a stay of removal. The briefing before the court is now complete. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument.

**I.     Background**

Tax-Ellu is a native and citizen of Guatemala who entered the United States in 1978 without inspection or documentation. On May 16, 2001, after Tax-Ellu was arrested for driving under the influence, the government began removal proceedings. In the course of the removal proceedings, Tax-Ellu conceded removability but sought cancellation of removal under 8 U.S.C. § 1229b, on the grounds that his family would suffer exceptional hardship if he were removed. The Immigration Judge denied Tax-Ellu's application for cancellation of removal on February 3, 2003, but granted his application

- 1 -

04c2171

for voluntary departure on the condition that he post a bond in the amount of $500 by April 4, 2003. When Tax-Ellu failed to post the required bond for voluntary departure, his removal order took effect. The Ninth Circuit stayed Tax-Ellu's removal from January 16, 2004 to July 16, 2004, when it dismissed his petition for review of the Board of Immigration Appeals' deportation decision for lack of jurisdiction.

The Department of Homeland Security (DHS) took custody of Tax-Ellu and removed him to Guatemala on December 3, 2004.

## II. Discussion

This court lacks jurisdiction over Tax-Ellu's petition. Tax-Ellu essentially seeks to have the immigration judge's discretionary decision overturned. The immigration judge evaluated Tax-Ellu's application for cancellation of removal due to unusual family hardship, and denied the application. Jurisdiction over a habeas corpus petition does not allow a court to review "discretionary... decisions made by the executive branch that do not involve violations of the Constitution." Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 829-30 (9th Cir. 2002). Determining whether a petitioner qualifies for cancellation of removal due to an extremely unusual hardship is a discretionary decision, not a constitutional issue. Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003).

Tax-Ellu does not allege that there was a constitutional or statutory error in his removal process, instead arguing that "the Immigration Court should have found exceptional and unusual hardship." Because Tax-Ellu seeks to have this court review the discretionary decision of the immigration judge, this court lacks jurisdiction over his petition.

## III. Conclusion

For the reasons outlined above, Petitioner's petition for a writ of habeas corpus is **denied**. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: 2/22, 2005

JEFFREY T. MILLER
United States District Judge

cc: all parties